R. E. PECKHAM, Assignee for the Creditors of the Meyer-Kiser Bank, succeeding Thomas H. Garvin, Receiver of the Meyer-Kiser Bank, Plaintiff,

v.

FAMILY LOAN COMPANY, a corporation; Ferd S. Meyer, otherwise known as Ferdinand S. Meyer; Ferdinand S. Meyer, Trustee, otherwise known as Ferd S. Meyer, Trustee; Rosalyn A. Meyer, otherwise known as R. A. Meyer; James Meyer; James Meyer, Trustee; Hoke T. Maroon, otherwise known as H. T. Maroon; H. T. Maroon, Trustee, otherwise known as Hoke T. Maroon, Trustee; Family Loan Company, a Florida corporation; Seaboard Finance Company of Florida, a Delaware corporation; Seaboard Finance Company, a Delaware corporation; and Town Finance Company, Inc., a Florida corporation, Defendants.

Civ. No. 2900–M.

United States District Court
S. D. Florida,
Miami Division.

March 19, 1957.

Jay E. Darlington, Hammond, Ind. (Shutts, Bowen, Simmons, Prevatt & Boureau, Miami, Fla., of counsel), for plaintiff.

Ward & Ward, Miami, Fla., for defendant.

VAUGHT, District Judge.

This case involves transactions covering a long period of time—from 1930 until the present—and a brief history of the principal facts seems pertinent.

Sol Meyer, when a young man and a resident of Indianapolis, Indiana, married Florence Strauss, the daughter of a wealthy family in Washington, D. C. They began their married life in Indianapolis but, like many others, spent the winter season principally in Miami, Florida, and where eventually they resided permanently. In 1925 or slightly prior thereto, Sol Meyer, with a cousin, Sol Kiser, organized the Meyer-Kiser Bank in Indianapolis, Indiana, and soon thereafter, the Meyer-Kiser Bank in Miami, Florida. In addition to these banking institutions Meyer and Kiser had several other corporations and partnerships dealing in real estate, insurance and short loans.

On May 12, 1931, both the Meyer-Kiser banks were closed and receivers appointed. From 1930 to 1932 banks failed all over the United States, many of them because of the depreciated value of collateral and through no fault of the officers. A suit was filed under the stockholders liability statute by the receiver of the Miami bank against Ferd S. Meyer, son of Sol and Florence Meyer, alleging that he was the owner of a large block of stock consisting of 1,131 shares in the Miami bank, and on December 30, 1932, judgment was rendered against him for a sum in excess of $100,000. On September 18, 1933, Ferd S. Meyer filed a petition in bankruptcy and received

his discharge March 13, 1934. An action was instituted against Sol Meyer by the receiver of the Indianapolis bank charging misappropriation of funds, and in October, 1938, judgment was rendered in the state circuit court against Sol Meyer for a sum in excess of $800,000, which judgment was affirmed by the Appellate Court of Indiana in 1941 (Meyer v. Garvin, 110 Ind.App. 403, 37 N.E.2d 291). After recovering said judgment the receiver sued Sol Meyer upon the judgment, in this court, Meyer having become a resident of Miami, and recovered a personal judgment against him in this court on January 30, 1939.

Prior to 1931, at the suggestion of Florence Meyer, Ferd S. Meyer organized the Family Loan Company, a Florida corporation (hereinafter referred to as the Loan Company), with the capital provided by Florence Meyer. When Ferd Meyer secured the charter he provided for the temporary issuance of stock as follows: Ferd S. Meyer, 98 shares; W. C. Chadwick and A. M. Reder, one share each as qualifying stockholders. At the request of Florence Meyer, on the same day the stock was first issued, it was reissued to: Florence Meyer, 97 shares; Ferd S. Meyer, W. C. Chadwick and A. M. Reder, one share each as qualifying stockholders. But the stock was regarded at all times as belonging to Florence Meyer.

On January 16, 1932, Florence Meyer organized the Florence Meyer Trust (hereinafter referred to as the Trust), providing all of the capital and designating Sol Meyer and Ferd S. Meyer as trustees, and the beneficiaries as Sol Meyer, Jr., Edward Meyer, sons of Sol and Florence Meyer, and James M. Meyer, the minor son of Ferd Meyer. This Trust was created for the primary purpose of providing for the comfort, education and living expenses of Sol Meyer, Jr., and Edward Meyer, who because of physical disabilities from childhood were incapable of caring for themselves. From time to time the trustees made investments, some of which were made in the preferred stock of the Loan Company, which stock was later recalled and in lieu thereof debenture notes of the Loan Company were issued. The trustees remained the same until the death of Sol Meyer in November, 1939, and thereafter Ferd Meyer acted as sole trustee until James M. Meyer, his son, became of age and was appointed an additional trustee under the terms of the Trust. The Trust funds, so far as the record discloses, were invested in accordance with the best judgment of the trustees, and the funds therefrom were expended for the beneficiaries from time to time.

On March 1, 1949, the present suit was filed by R. E. Peckham, assignee for the creditors of the Meyer-Kiser Bank, succeeding Thomas E. Garvin, receiver of the Meyer-Kiser Bank of Indianapolis. An amended complaint was filed on March 14, 1949, and an intervening claim on May 13, 1949. The complaints and intervening claim alleged the judgment in the Indiana court against Sol Meyer and the subsequent personal judgment against him in this court, the plaintiff succeeding to all rights thereunder by assignment from the receiver of the Indianapolis bank. It further alleged that Sol Meyer conspired with the other defendants to conceal his assets from the payment of said judgment in that all, or the major portion, of the capital invested in the Loan Company and the Trust was in fact the property of Sol Meyer, and therefore the assets of the Loan Company and the Trust were subject to the payment of the judgment. That while Ferd S. Meyer filed a petition in bankruptcy and received his discharge in 1934, he fraudulently failed to list as his personal assets his holdings in the Loan Company and therefore said discharge is no bar to an action against Ferd Meyer on the judgment against him in the Florida court. That said judgment was assigned to R. E. Peckham by Harold C. Costello, J. H. Chance and Vera Chance, the three stockholders who succeeded to the assets of the Augusta Holding Corporation when it dissolved,

said judgment having been purchased by Augusta when the assets of Ferd Meyer, bankrupt, were sold at public auction. The plaintiff seeks to pursue the assets of the Loan Company and subject the interests of all the other defendants in its stock, debentures, notes and evidence of indebtedness to the payment of plaintiff's judgments against Sol Meyer and Ferd Meyer.

The various defendants have filed their answers.

Defendants Rosalyn A. Meyer, wife of Ferd Meyer, and James M. Meyer, their son, deny generally the allegations of the amended complaint and allege that each of them individually has been and is a stockholder of the Loan Company, but both deny that they are stockholders by virtue of any transfer or assignment of anything of value from Sol Meyer to them, and further deny that either of them held any of the stock or debentures of said company in trust for Sol Meyer or his estate, or anyone other than in their own right.

The Loan Company filed its answer denying that Sol Meyer at any time was ever a holder of record of common or preferred stock or the debentures of said corporation, either directly or indirectly; that Sol Meyer promoted or helped to promote the organization of said company or that he was the actual or equitable owner of any part of the capital which went into said corporation; and further, that Sol Meyer loaned or furnished additional monies or properties to said corporation.

Ferd S. Meyer in his answer individually denies the material allegations of said complaint and specifically denies that said Sol Meyer had anything to do with the organization or promotion of the Loan Company, or was ever the owner of any of the common or preferred stock or the debentures of said Loan Company; that Sol Meyer ever gave or transferred to him any funds for investment in said Loan Company in any capacity. He admits that judgment was rendered against him individually in the Circuit Court of Dade County, Florida, on December 30, 1932, but alleges that he was duly adjudicated a bankrupt and discharged thereafter in Cause No. 1368–M in this court on March 13, 1934. This defendant further alleges that in his bankruptcy schedules he listed all liabilities of every nature and character including the above judgment and, therefore, the plaintiff is barred not only by the statute of limitations but by his discharge in bankruptcy.

Answering defendant Hoke T. Maroon denies that Sol Meyer beginning in the first part of 1930 and continuing thereafter until his death in 1939, promoted the organization and business of the Loan Company; that Sol Meyer ever owned any of the common or preferred stock or debentures of said company but says that Sol Meyer was an employee of said company on a nominal salary but did not promote the company, was not the directing head, and was not the actual or equitable owner of any portion of the capital which went into said company; that this defendant never received any monies, property or thing of value from Sol Meyer, and did not then and does not now hold anything of value for Sol Meyer, or his estate or his heirs.

The defendants Ferd S. Meyer, James Meyer and H. T. Maroon filed their answer as trustees denying that they have ever, jointly or severally, concealed or assisted in concealing in any manner whatsoever any assets which, either legally or equitably, were the property of Sol Meyer. They answer as trustees making the same admissions and denials as were made in their individual answers.

On October 25, 1954, the plaintiff filed a supplement to his amended complaint and a supplement to his intervening claim in which he made the following additional defendants: Family Loan Company, a Florida corporation, incorporated on or about October 9, 1953; Seaboard Finance Company of Florida, a Delaware corporation, admitted to do

business in Florida on or about March 25, 1950; Seaboard Finance Company, a Delaware corporation, believed to be the parent corporation and owner of the capital stock of said Seaboard Finance Company of Florida; and Town Finance Company, Inc., a Florida corporation, incorporated on or about April 29, 1953. In this supplemental complaint the plaintiff alleges that the original defendant Family Loan Company caused a conversion or change in form of the res or assets sought to be reached in this action from the stock and obligations of one or more of the above-named additional corporate defendants and that thereby the original defendants have converted or attempted to convert the stock and obligations sought to be reached in the original complaint into the stock or obligations of one or more of said additional corporate defendants. And that said transfers were fraudulent and made for the purpose of concealing the assets of the original defendants.

In answer to the supplemental complaint the defendants Family Loan Company, a dissolved Florida corporation; Ferd S. Meyer, individually and as trustee; Rosalyn A. Meyer; James Meyer, individually and as trustee; Hoke T. Maroon, individually and as trustee; and the additional defendants, Family Loan Company, a Florida corporation organized in 1953 by Seaboard and Town Finance Company, a Florida corporation, allege that the defendants Ferd S. Meyer and James Meyer, as trustees of the Florence S. Meyer Trust, received payment in full for all debentures of the original Loan Company held by them as trustees and that said monies have been reinvested in debentures of the Town Finance Company. The defendant Hoke T. Maroon, as trustee for his brother, states that he does not hold or ever did hold any property in trust for Sol Meyer during his lifetime or for Ferd Meyer, and does not and has not held title as trustee to any property in which either of them had or has any beneficial interest. The defendants Ferd S. Meyer, Rosalyn A. Meyer, James Meyer and Hoke T. Maroon individually say that for a good and valuable consideration, consisting of capital stock in Seaboard, they with other stockholders of the Loan Company, sold, transferred and conveyed their holdings in said Loan Company to Seaboard Finance Company of Florida or Seaboard, and that these defendants now own the stock so issued to them individually as their individual holdings except for such shares as have been sold by some of the defendants individually upon the open market. These defendants and each for himself individually say that their respective individual holdings of the corporate stock or debentures of the Loan Company were their own property and were never the property of Sol Meyer, deceased, nor of anyone claiming by him, through or under him and that neither Sol Meyer nor anyone in his behalf furnished the assets which caused such stock or debentures to be originally issued, and that said defendants' present holdings in Seaboard are not a result of any assets claimable by the plaintiff.

Seaboard Finance Company, Seaboard Finance Company of Florida, and Town Finance Company, Inc., answering the amended and supplemental complaints and intervening claims deny that they or either of them have become fraudulent transferees of the assets sought to be reached in the amended complaint and intervening claim, and deny that they have joined, aided, and abetted any of the parties hereto in the concealment of said assets. Further answering, these defendants say that the defendant Seaboard on April 20, 1953, entered into a written contract with Ferd S. Meyer and Hoke T. Maroon, individually and as agents for certain stockholders of the Family Loan Company for the purchase by said Seaboard of all the issued shares of capital stock of said Loan Company, copy of which contract was attached to their answer, and state further that said sale was for full and valuable consideration, conducted at arm's length in good faith, without any fraud, collusion or guile on

**56**

the part of Seaboard, and without any purpose or intent on its part to hinder, delay or defraud the plaintiff and without any knowledge of any fraudulent intent, if any, on the part of Ferd S. Meyer and Hoke T. Maroon.

It is apparent from the pleadings that the sole issues in this case are as follows: (1) Did any of the funds of Sol Meyer, either directly or indirectly, go into the capital of the Loan Company? (2) Did any of the funds of Sol Meyer constitute any part of the capital of the Trust, or did he at any time contribute to the estate of the Trust? (3) Was the bankruptcy proceeding of Ferd S. Meyer legal in all respects, or was it a fraudulent proceeding? (4) Did the defendants or any of them conspire with Sol Meyer, or with each other, to conceal the assets of Sol Meyer or Ferd S. Meyer after the failure of the banks?

The burden of proof is upon the plaintiff to prove the allegations of his original, amended and supplemental complaints and the amended and supplemental intervening claims by a preponderance of the evidence. If Sol Meyer was not the actual or equitable owner of all or a portion of the assets of the Loan Company and the Trust, and if Ferd Meyer had no interest in the Trust except as trustee, and no interest in the Loan Company until 1940 (as is hereinafter explained), then no recovery could be had against Ferd S. Meyer or the Loan Company. And in that event, no judgment could be recovered against any of the defendants. The fact that Sol Meyer and Ferd Meyer were the trustees of the Trust, if their actions in connection with said Trust were merely as trustees, would not be evidence of any personal financial interest in said Trust.

The trial of this case lasted twelve days. The only witnesses offered by the plaintiff were Ferd Meyer and Hoke T. Maroon, who were cross-examined as adverse witnesses in regard to the organization and records of the Loan Company, the Trust, and all other organizations with which the witnesses had had any connection. They also were examined in detail as to the financial record of Sol Meyer and particularly as to whether or not he was interested in any way in the organization or operation of the Loan Company and the Trust. The evidence was that after the failure of the banks, he was practically insolvent, his only income being from nominal salaries and transactions on the stock market.

The stock of the Loan Company, as hereinbefore stated, was originally issued after the preliminary organization as follows: Florence Meyer, 97 shares; and one share each to Ferd Meyer, W. C. Chadwick and A. M. Reder, as qualifying stockholders, or a total of 100 shares. But it was understood at all times that these shares were owned by Florence Meyer. Subsequently 50 shares of Florence Meyer's stock were sold to different individuals but by October, 1940, said 50 shares had been purchased by the Trust. Florence Meyer transferred her remaining 47 shares to Rosalyn Meyer, wife of Ferd Meyer. About this time Hoke T. Maroon purchased 25 shares of stock from the Trust. Rosalyn Meyer transferred to Ferd Meyer 40⅔ shares of her 47 shares of stock and the Trust also issued 25 shares to Ferd Meyer, as trustee for James Meyer, one of the beneficiaries under the Trust. Rosalyn Meyer also sold to Hoke T. Maroon 5⅓ shares, leaving her one share. When Chadwick and Reder severed their connection with the Loan Company they surrendered their two qualifying shares to Florence Meyer, which she reissued to Hoke T. Maroon as qualifying shares, when Maroon became the active secretary and treasurer of the Loan Company. These two qualifying shares held by Maroon and the one qualifying share held by Ferd Meyer were then surrendered to Florence Meyer, were sold by her to the Trust, and were purchased from the Trust by Hoke T. Maroon. Thus on October 19, 1940, the distribution of the 100 shares of the Loan Company was: Hoke T. Maroon, 33⅓ shares; Ferd

Meyer, 40⅔ shares; Ferd Meyer, as trustee for James Meyer, 25 shares; and Rosalyn Meyer, one share, which constituted the entire capital stock of the Loan Company.

Approximately 1946, Harry J. Herff, Charles T. MacDermott and James A. Dunn became stockholders and directors of the Loan Company, each one purchasing two per cent of the capital stock, which had been surrendered two per cent from Hoke T. Maroon and four per cent from Ferd Meyer.

During this time the stock was increased from 100 shares to 91,000 shares but the distribution remained in the same proportion as above indicated. In 1953 the stockholders of the Loan Company made a contract with Seaboard, whereby they surrendered their 91,000 shares of stock in the Loan Company for 60,000 shares in Seaboard, which shares were divided among the stockholders in proportion to the stock held as indicated above.

When the exchange of stock was made with Seaboard, Ferd Meyer and Hoke T. Maroon organized the Town Finance Company and the former stockholders of the Loan Company, who were so inclined, invested in the Finance Company either in stock or debentures.

There was no evidence introduced that Sol Meyer ever had any interest, either directly or indirectly, in the Loan Company or the Trust, except as a trustee. And the evidence showed that the only interest Ferd Meyer had in the Loan Company other than the one qualifying share was after October, 1940, by virtue of the stock which was given him by his wife, Rosalyn Meyer.

From the preponderance of the evidence, the Court finds that Florence Meyer was the sole contributor to the assets of the Florence Meyer Trust, and that it was organized for the purposes above indicated.

The bankruptcy proceedings of Ferd Meyer have been attacked in the pleadings of the plaintiff, alleging that Meyer did not disclose all of his assets in the bankruptcy schedules, and particularly his interest in the Loan Company. The complete bankruptcy file was offered in evidence. The pleadings admitted the judgment against Ferd Meyer in the state court for a sum in excess of $100,-000, the filing of the petition in bankruptcy on September 18, 1933, and the discharge on March 13, 1934. Ferd Meyer testified that he listed every dollar of his assets; that he had no interest in the Loan Company except the one qualifying share which actually belonged to his mother, and that he became a stockholder in 1940 when he received 40⅔ shares from his wife, Rosalyn Meyer.

The Court finds that the bankruptcy proceedings were regular; that there is no evidence that Ferd Meyer did not disclose all of his assets; and that the discharge in bankruptcy is a bar to any recovery sought in this case as to Ferd Meyer.

The Court further finds that the plaintiff has failed to show by a preponderance of the evidence, or by any credible evidence, that there was a conspiracy between Sol Meyer and Ferd Meyer and the other defendants, or any of them, to conceal the assets of either Sol Meyer or Ferd Meyer.

The Court further finds that the transaction between the stockholders of the Loan Company and Seaboard was free from fraud and was a legitimate transaction.

At the conclusion of the introduction of evidence on behalf of the plaintiff, the defendants offered no evidence but moved for judgment on the record.

The motion is sustained and judgment is rendered for all of the defendants. Findings of fact, conclusions of law, and a proper form of judgment, consistent with this opinion, may be submitted.