Sylvia **AGRONOFSKY**, Helen Agronofsky and Abraham Agronofsky, Appellants,

v.

**PENNSYLVANIA GREYHOUND LINES,** A Corporation.

No. 12091.

United States Court of Appeals Third Circuit.

Argued Oct. 7, 1957.

Decided Oct. 30, 1957.

**830**

Sylvia Agronofsky, Abraham Agronofsky, New York City, Helen Agronofsky, Passaic, N. J., on the brief, pro se.

J. Lawrence McBride, Pittsburgh, Pa. (Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and KALODNER, Circuit Judges.

PER CURIAM.

The question presented by this appeal is whether the court below abused its discretion in dismissing with prejudice, for want of prosecution, pursuant to Rule 41(b), Fed.R.Civ.P., 28 U.S.C., and Rule 5(i) of the Rules of the court below, a complaint filed by the plaintiffs-appellants based on injuries alleged to have been sustained by them while riding in a bus operated by the defendant-appellee.

The accident occurred seven years ago. The suit was filed in 1951. The case has been removed from the trial list on at least three occasions on the appellants' motion on the representation that a key medical witness was not available. After September 30, 1954, the case was carried on the trial list but was not reached. A pre-trial conference was held on January 24, 1956, and at that time the appellants' counsel was informed by the court that the case would be the second to be tried. On February 10, 1956, one of the appellants, being then present in Pittsburgh was told by her attorney to be available on twelve hours notice and that the case would come to trial on February 14, 1956. This appellant returned to her home in New York City but on the very eve of the trial she telephoned her counsel that she could not appear in court in Pittsburgh since she could not get her New York physician, the medical witness referred to above, to come to Pittsburgh to testify. She requested her counsel to procure another continuance. He urged her to be present and told her that if she was not present when the case was called that it probably would be dismissed.

On February 14, the day set for the trial, the defendant-appellee had its witnesses present in the court room or otherwise available. A jury was drawn. When counsel for the appellants informed the court that none of the appellants was present the case was continued until a designated hour in the afternoon. Counsel for the appellants then moved orally for another continuance which was refused and the suit was dismissed with prejudice as we have indicated. An application to reinstate the cause of action was denied. The appeal followed.

It appears that no application was made to the court below to take the deposition of the medical witness on whose testimony the appellants relied and that it will be difficult for the appellee to reassemble its witnesses for trial.

Under the circumstances we cannot say that the court below abused its discretion

in entering the orders complained of. There must be some end to litigation in a busy court. It is obvious that the appellants have made no substantial effort to prepare their case for trial and, seemingly, were unwilling to do so. We need not speculate as to their motives in failing to present their case. The circumstances are precisely those contemplated by Rule 41(b), Fed.R.Civ.Proc., 28 U.S.C., and Rule 5(i) of the court below.

The judgment will be affirmed.