**R. E. PECKHAM, Assignee and Trustee, etc., Appellant,**

v.

**FAMILY LOAN COMPANY et al., Appellees.**

**No. 16817.**

United States Court of Appeals Fifth Circuit.

Jan. 20, 1959.

Rehearing Denied April 3, 1959.

---

Jay E. Darlington, Hammond, Ind., Leo S. Julian, Miami, Fla., for appellant.

L. S. Bonsteel, W. G. Ward, Garland M. Budd, Miami, Fla., G. A. Chadwick, Jr., Washington, D. C., Frost & Towers, Washington, D. C., Smathers, Thompson & Dyer, Miami, Fla., of counsel, for appellees.

Before RIVES, TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

On March 1, 1949, the appellant commenced the suit which is now before us on appeal. Under the former equity practice the complaint would have been called a creditor's bill. The case has been before this Court on two other occasions. Peckham v. Family Loan Company, 1952, 196 F.2d 838; Idem 1954, 212 F.2d 100. The last of the pleadings was filed on November 19, 1954, and the cause was then at issue. The issues are made apparent in the prior opinions of this Court and in the reported opinion of the district court. Peckham v. Family

Loan Co., 52 F.Supp. 169. Nearly two years later, on November 7, 1956, notice was given that the case was set for trial on February 25, 1957. A pretrial conference was had on January 31, 1957. At the pretrial conference the motion of appellant, filed September 15, 1950, was discussed and rulings were made by which production was required of most, but not all, of the documents requested by the appellant. At the pretrial conference one of appellant's counsel stated that he would be unable, because of other cases pending in other courts, to prepare this case for trial within the time remaining before the trial. The court indicated its view that there had been and would be ample time and opportunity for preparation and that a motion for continuance, if made, would be denied. Such a motion was made and was denied. The trial lasted twelve days. The reporter's transcript of the trial is in thirteen volumes with an aggregate of 1480 pages. At the conclusion of appellant's case the court announced that judgment would be entered for the appellees. A motion for a continuance, then made by the appellant, was overruled. A judgment was entered for the appellees. The appellant moved for a new trial and his motion was denied. In addition to the court's opinion, cited supra, findings of fact and conclusions of law were made in which the matters set forth in the opinion were in some respects amplified. On this appeal from the judgment the appellant raises a number of questions.

■■ The contention upon which the appellant places the greatest stress is that he was denied a fair and adequate trial by the court's refusal to grant continuances, the court's refusal to allow prolonged questioning of witnesses, and the court's refusal to require production of documents. The granting or refusal of a motion for a continuance rests within the sound discretion of the trial court and its ruling on such a motion will not be disturbed on appeal unless an abuse of discretion is shown. Girard Trust Co. v. Amsterdam, 5 Cir., 1942, 128 F.2d 376. When the case was set for trial it had

been pending for more than seven and a half years, the last pleading putting the case at issue had been on file for nearly two years, and more than three and a half months remained before the trial during which preparation could have been made for it. Although it was stated that one of appellant's counsel had other cases requiring his attention, it was not shown that these matters prevented the making of proper preparation for trial. See 17 C.J.S. Continuances § 38, p. 219. Clearly there was no abuse of discretion in the denial of the motion during the trial. As the trial was concluding a continuance was sought for the purpose of calling as witnesses two of the defendants. They were not subpoenaed and no statement was made as to what testimony was expected from them. A continuance was also sought to secure the testimony of a person who was ill. No subpoena was issued for this person, no effort was made to procure his deposition and no statement was made as to the evidence expected from the person whose testimony was desired. It was also asserted that the continuance was needed to permit the appellant to procure from some of the appellees documents to be used as evidence. It was not known to the appellant what these documents would disclose and no adequate reason was given for failure to make an earlier effort to make them available. A court could not be expected, under the circumstances here shown, to delay or continue a trial in order to permit a party to make preparation for trial. Agronofsky v. Pennsylvania Greyhound Lines, 3 Cir., 1957, 248 F.2d 829. There was no abuse of the trial court's discretion in denying the applications of the appellant for continuances.

The appellant specifies error because of the court's pretrial ruling denying the request for the production of documents in the possession of one or another of the appellees. Those which the court declined to require the appellees to produce were determined by the court to be irrelevant. So also does appellant complain that the court denied his re-

quests made during the trial for production of documents which the court held were not relevant or were shown not to be in the possession of the appellees. No error is made to appear.

■ The first witness called by the appellant was the appellee, Ferd S. Meyer. On the third day of the trial, while this witness was on the stand, counsel for the appellant was directing his inquiries to the partial assignment of a certificate for forty-seven shares of Family Loan Company stock. The assignment was made in 1940 and was of shares evidenced by a certificate in the name of Rosalyn Meyer, the wife of the witness. It was suggested by appellant's counsel that the signature of a witness to the assignment had been removed by ink eradicator and another signature added. The witness had no recollection of the use of any ink eradictor. The court asked what difference it made and counsel answered that it made a great deal. Being again asked he answered that "it is elementary in the books that any alteration of an instrument, particularly unexplained by the signor, is in itself a badge of fraud or possible badge of fraud." Without any effort being then or thereafter made by the appellant to show the materiality of evidence of eradication or alteration of the instrument, the trial proceeded through eight more days. As the appellant's case was winding up his counsel said he had arranged to have an expert witness attempt to determine and demonstrate whether the signature of the attesting witness had been eradicated and if so, to attempt to restore it. It was proposed that this experiment would be conducted in the courtroom. Counsel stated that he had reason to believe the expert could show the signature was not that of Ferd S. Meyer but of his father, Sol Meyer, who had died prior to the date the assignment bore. It was the theory of the appellant, as stated in its brief, that Sol Meyer had Rosalyn Meyer endorse the certificate in blank, signed it as a witness and kept it as his own until his death. The trouble with this theory is that there was

no evidence introduced to support it. The trial court concluded that if the experiment was made and the result was as the appellant predicted it would make no difference. The court declined to delay the trial and permit the experiment to be made. We think there was no error in the court's ruling. If the fruits of such an experiment would have been material the proposal to have it made should not have been postponed until the trial was concluding; if immaterial it would have been properly rejected at whatever stage of the trial it had been proposed.

■■ The appellant asserts that he was harrassed and belittled by the court. He points to the pages of the record where the court commented upon the time consumed by the appellant in developing immaterial evidence, and to the court's refusal to permit continued questioning of witnesses as to matters previously covered in detail. It is the judge who presides at a trial. He is not only empowered to keep a case moving within the bounds of reason but it is his duty to do so. See 53 Am.Jur. 87, Trial § 97. Such admonition of counsel as may be required for this purpose is proper. 53 Am.Jur. 83, Trial § 90. There was no improper conduct or comment of the trial judge.

■ The trial court declined to hear oral argument of counsel at the close of the trial. This, the appellant says, was error. If argument is granted in a nonjury case it is as a privilege and not as of right. The matter of permitting argument is within the court's discretion. 89 C.J.S. Trial § 576, p. 353. Here the court had concluded that the appellant had produced no evidence of the fundamental allegations of his complaint. The court's opinion shows that it had full knowledge of the facts alleged and of the facts proved. There was no error in the court's refusal to hear argument.

■ It is claimed by the appellant that he had made a prima facie case by the evidence produced and that it was error to enter judgment for the appellees.

**426**

We cannot agree. The judgment, we think, was a proper one. See Peckham v. Family Loan Co., D.C., 169 F.Supp. 52. There was no error in overruling the motion for a new trial which raised the same questions as are presented on this appeal. Other questions raised need not be discussed. The judgment of the district court is free from error and is

Affirmed.