Ferd S. MEYER and Hoke T. Maroon,
Appellants,

v.

SEABOARD FINANCE COMPANY,
Appellee.

No. 19175.

United States Court of Appeals
Fifth Circuit.

Nov. 2, 1962.

Rehearing Denied Dec. 7, 1962.

Robert C. Ward, Ward & Ward, Miami, Fla., for appellants.

Laurence A. Schroeder, John H. Wahl, Jr., Miami, Fla., for appellee. Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, Fla., of counsel.

Before RIVES, JONES and GEWIN, Circuit Judges.

JONES, Circuit Judge.

The judgment before us on appeal was entered in an action which grew out of the Peckham-Family Loan Company litigation. The appellee, Seaboard Finance Company, is a Delaware corporation with its principal place of business in California. The appellants, Ferd S. Meyer [1] and Hoke T. Maroon, for themselves and other stockholders of Family Loan Company, entered into a contract on April 20, 1953, with Seaboard for the exchange of all of the stock of Family Loan for 61,000 shares of the stock of Seaboard. Meyer and Maroon, for themselves and the other stockholders of Family Loan represented by them, referred to collectively as the Associated Stockholders, represented and warranted by a provision in the contract [2] that Fam-

---

1. References herein to Meyer, without other designation, will be to the appellant, Ferd S. Meyer.

2. Except to the extent reflected or reserved against in Family's Audit Report for the year ended December 31, 1952, and Balance Sheet dated March 31, 1953, Family as of such date had no liabilities of any nature, whether accrued, absolute,

contingent or otherwise, including (without limitation) tax liabilities due or to become due, and whether incurred in respect of or measured by Family's income for any period prior to March 31, 1953, or arising out of transactions entered into, or any state of facts existing, prior thereto. Each Associated Stockholder represents and warrants that he does not know or have reasonable grounds to know

ily Loan had no liabilities except as were shown in its audit report and balance sheet. Also included in the contract was a covenant of indemnity [3] of Meyer and Maroon by which they undertook to indemnify Seaboard and Family Loan in respect of all liabilities of Family not appearing on the audit report or balance sheet.

R. E. Peckham was the assignee of a judgment for $824,933.33 against Sol Meyer. In 1949 Peckham brought suit against Family Loan, Meyer, Maroon, and others, in the nature of a creditors bill,[4] asserting that Family Loan was created with assets of Sol Meyer for the purpose of defrauding his creditors, and seeking to subject the assets of Family Loan and its outstanding stock to the judgment against Sol Meyer. The Peckham suit was not reflected or reserved in the audit of Family Loan Company nor in its balance sheet. Meyer and Maroon advised Seaboard of the existence of the suit before the contract was executed. On or about May 25, 1953, stock of Family Loan was transferred by Meyer and Maroon to Seaboard pursuant to the contract. On October 24, 1954, Peckham filed a supplemental complaint, joined Seaboard as a defendant, and alleged that the sale of the stock of Family Loan to Seaboard was for the fraudulent purpose of preventing Peckham from recovering on the judgment. The same relief was sought against Seaboard as Peckham had attempted to obtain against Family Loan. Seaboard employed counsel to represent it in the Peckham suit. There was a trial and a judgment against Peckham. 169 F.Supp. 52. This Court affirmed. 262 F.2d 422. The Supreme Court denied certiorari on October 12, 1959. 361 U.S. 824, 80 S.Ct. 70, 4 L.Ed. 2d 68.

After ten and a half years the Peckham litigation was at an end. Seaboard had been a party during the last five years of the suit. It paid its attorneys for their fees and expenses in the defense of Seaboard in the Peckham litigation and demanded reimbursement from Meyer and Maroon. Payment was refused and Seaboard brought suit claiming it was entitled to recover under the representation and warranty clause and under the indemnity clause of the contract. Trial was had without a jury and judgment was for Seaboard in the amount of $21,935.-28. Meyer and Maroon have appealed. They contend, as they contended in the district court, that the Peckham litigation was not a contingent liability of Family Loan covered by the contract; that since Seaboard had knowledge of the Peckham suit prior to the execution of the contract it was not the intent of the parties that it should be covered by the warranty and indemnity provisions of the contract; and that the expenditures of Seaboard were in protecting the stock acquired by it rather than in defense of a claim asserted against Family Loan. Although set up by three spec-

of any basis for the assertion against Family as at March 31, 1953, of any liability of any nature or in any amount not fully reflected or reserved against in said Balance Sheet dated March 31, 1953.

3. The Associated Stockholders [the appellants and their principals] shall indemnify and hold harmless Family and Seaboard at all times after the date of this agreement against or in respect of: (i) all liabilities of Family of any nature, accrued, absolute, contingent or otherwise, existing at March 31, 1953, to the extent not reflected or reserved against in full in Family's balance sheet of that date, including, but without limitation, any tax liabilities for any period prior to the closing date or arising out of transactions entered into or any state of facts existing prior to such date; (ii) all liabilities of or claims against Family arising out of the conduct of its business between March 31, 1953, and the closing, otherwise than in the ordinary course of business; (iii) any damage or deficiency resulting from any misrepresentation, breach of warranty, or nonfulfillment of any agreement of the Associated Stockholders, or any one or more of them, under this agreement; and (iv) all actions, suits, proceedings, demands, assessments, judgments, costs, and expenses incident to any of the foregoing.

4. Peckham v. Family Loan Company, 5 Cir., 262 F.2d 422.

ifications of error, the question for decision is whether, upon the facts established, the expenditures of Seaboard were within the coverage of the indemnity clause of the contract between the parties.

There was an action against Family Loan and there was an expense incurred by Seaboard in the defense of it. Whatever other relief may have been sought, there was a claim of Peckham that the assets of Sol Meyer were fraudulently transferred to Family Loan and should be subjected to the obligation of Sol Meyer which Peckham had acquired. The Peckham suit was not merely the assertion of a claim to or against the stock of Family Loan which Meyer and Maroon had sold to Seaboard; it was an effort to strip Family Loan of its assets and subject them to the payment of the Peckham claim against Meyer and Maroon. See Peckham v. Family Loan Co., D.C., 169 F.Supp. 52, Id. 5 Cir., 196 F.2d 838. The Peckham claim was a potential legal liability against Family Loan in that, had it been successfully maintained, the assets of Family might have been subjected to it. We agree with the district court's conclusion that the claim was a contingent liability of Family Loan.

The appellants call our attention to the rule that ambiguous agreements may be interpreted by resort to contemporary documents. They do not point to any ambiguity in the indemnity provision and we find none. The appellants say that since Seaboard knew of the suit it could not have been intended that the indemnity agreement was intended to cover it. The indemnity clause does not limit its protection to claims unknown to Seaboard. The limitation is to claims not reflected in Family Loan's balance sheet. Finally, the appellants say, the expenditures of Seaboard were not made in defending a claim against Family Loan but in defending a claim against Seaboard. The district court found that in the Peckham litigation "it was sought to pursue the assets of Family Loan Company on the theory alter ego and the theory that the transfer of assets to the corporation at its inception was fraudulent and voidable." The defense of this claim by Seaboard was a defense of the assertion of a liability against Family Loan.

No error has been made to appear. The judgment of the district court is

Affirmed.