Joseph Robert DEVINS, Appellant,

v.

Sherman H. CROUSE, Warden, Appellee.

No. 7302.

United States Court of Appeals
Tenth Circuit.

June 13, 1963.

William S. Huff, Denver, Colo., for appellant.

Park McGee, Asst. Atty. Gen. of Kansas (William M. Ferguson, Atty. Gen. of Kansas, on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this habeas corpus action the appellant-petitioner seeks relief from a Kansas judgment. In the state criminal proceedings he was represented by court-appointed counsel and entered a plea of guilty. After sentence the judge and county attorney made a joint statement to the prison authorities,[1] the material portion of which reads:

> "It is believed by the Court and County Attorney that this defendant is in need of mental treatment, as his record indicates an inability to exercise mature mental judgment." [2]

The court below appointed an attorney for the petitioner and held a hearing. The sole contention was that the statement disclosed doubt in the mind of the state judge as to the mental competence of the petitioner and hence the available Kansas procedures to determine competency should have been followed and the plea of guilty should have been rejected. The court, after commenting that "petitioner's appearance before this court gave the impression of emotional instability but the Court is of the firm view that he comprehended the nature of the proceedings and was able to, and, in fact, did assist his attorney in the presentation of his case," held that the evidence was insufficient to support a finding that the state judge had "a question in his mind as to the ability of petitioner to

1. A Kansas statute, Kan.G.S.1949, § 62–1523, which required the judge and county attorney to give certain information to the prison authorities had been repealed, Kan.L.1957, ch. 331, § 37, prior to the imposition of sentence on the petitioner.

2. In the original typewritten statement the wording was "any mental judgment." The word "any" was crossed out and "mature" written above it. The trial court found that the change had been made before execution of the statement by the state judge and the county attorney.

comprehend the nature of the proceedings," and discharged the writ.

 The evaluation of the evidence is a function of the trial court. On the record before us the findings of the trial court are not clearly erroneous and are binding on the appellate court.[3]

Affirmed.

---

3. Cf. Niukkanen v. McAlexander, Acting District Director, Immigration and Naturalization Service, 362 U.S. 390, 391, 80 S.Ct. 799, 4 L.Ed.2d 816; and Viscuso v. Hunter, 10 Cir., 174 F.2d 654, 655.