John TURNER, Warden, Utah State Prison, Appellant,

v.

Fay WARD, Jr., Appellee.

No. 7332.

United States Court of Appeals Tenth Circuit.

Aug. 29, 1963.

Ronald M. Boyce, Deputy Atty. Gen. (A. Pratt Kesler, Atty. Gen., on the brief), for appellant.

Glenn C. Hanni, of Strong & Hanni, Salt Lake City, Utah, for appellee.

Before MURRAH, Chief Judge, and BRATTON and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant, Turner, as Warden of the Utah State Prison, has appealed from an order of the court below granting appellee, Ward, a writ of habeas corpus ordering his release from custody.

Ward was tried and convicted in the District Court of Weber County, Utah, for the crime of rape. Upon appeal to the Utah Supreme Court, the conviction

was affirmed.[1] Thereafter, Ward filed a petition for a writ of habeas corpus or, in the alternative, for a writ of error coram nobis in the District Court of Salt Lake County, Utah. The writ of habeas corpus was granted but upon appeal the Utah Supreme Court reversed and denied the writ.[2] Ward's petition to the United States Supreme Court for certiorari from that decision was denied.[3] Ward then filed a petition for a writ of habeas corpus in the United States District Court for the District of Utah, and, after an evidentiary hearing, the trial judge made findings of fact upon the factual issues involved and granted the writ. Thence this appeal.

The trial court specifically found that the state prosecuting attorney had knowingly used false and untrue testimony and wilfully suppressed evidence, all of which was material to the issues in the case and very probably resulted in Ward's conviction, in violation of due process as guaranteed by the Fourteenth Amendment to the Constitution of the United States. The trial judge further found: That on the day of the alleged rape the victim, at her request, was examined by a doctor; "This examination, in the opinion of the doctor, revealed that there had been intercourse with the victim through the rectum only and there was nothing from the physical examination that indicated that there had been vaginal intercourse"; prior to the state trial the doctor advised the prosecuting attorney of this opinion; the prosecuting attorney, knowing the above facts, permitted and encouraged the doctor to testify that in his opinion the victim had been raped; the prosecuting attorney further told the doctor to say nothing to the jury about sodomy being committed unless he was specifically asked about it; pursuant to the prosecuting attorney's request, the doctor said noth-

ing to the jury about the crime of sodomy being committed upon the victim; and the above facts did not come to the knowledge of Ward or his attorney until October, 1960.

Appellant first contends that the court below erred in refusing his request, made during the trial of the case, for a continuance so as to give him an opportunity to take the deposition of one Janice Thompson, who at that time was outside the jurisdiction of the court. This lady, who testified at the original state court trial, had subsequently married and left the State of Utah and was then living near Washington, D. C. Her mother, with whom she had lived in Ogden, Utah, at the time of the trial, was remarried, but lived at the same address where she had previously lived with her daughter. This action was filed on November 16, 1962, at which time appellant knew exactly the issues he had to meet at the trial. Trial of the case was commenced on January 31, 1963, with Mrs. Thompson's whereabouts then being known to counsel for appellant, but no request was made to the court for an opportunity to take the Thompson deposition until the petitioner had completed his evidence. Counsel for the respondent, appellant here, then requested that the court give him an opportunity to take the Thompson deposition, in an attempt to prove knowledge on the part of Ward's attorney in the original criminal case that sodomy had been committed upon the victim. This issue was not new in the case, it had existed at the time of the state court habeas corpus trial, as well as in this case from its inception.

■■ The granting of a continuance to enable a party litigant to take depositions as well as for other purposes is always within the sound discretion of the trial judge.[4] In the absence of a

1. State v. Ward, 10 Utah 2d 34; 347 P. 2d 865.

2. Ward v. Turner, 12 Utah 2d 310, 366 P.2d 72.

3. Ward v. Turner, 371 U.S. 872, 83 S.Ct. 122, 9 L.Ed.2d 110.

4. See Ziegler v. Akin, 10 Cir., 261 F.2d 88; Baltimore American Ins. Co. of

showing of diligence, the judge is justified in refusing such a request.[5] We think the record shows clearly that appellant was not diligent in procuring the testimony of Mrs. Thompson and that the trial judge acted within the range of sound judicial discretion in refusing the belated request.

■ Appellant's main contention here is that the crucial findings of fact made by the trial court are not supported by the evidence. In our consideration of that question, we are first confronted with the admonition of Rule 52, F.R.Civ. P., 28 U.S.C.A., that " * * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * * "[6] We have carefully read the record before us, including the transcripts of the testimony taken at both the original criminal trial and at the state habeas corpus trial, and we cannot say that the findings of fact are clearly erroneous. Admittedly, there are many conflicts in the evidence and inconsistencies in the testimony of some of the witnesses as given at the three trials. But, it was the function and duty of the trial court, not this court, to resolve those conflicts and inconsistencies and to determine the facts necessary for a decision in the case.

■ In a state prosecution, if a conviction is obtained by either the knowing use of false material testimony or the intentional suppression of material testimony, due process under the Fourteenth Amendment has been denied.[7] The same is true where false testimony, although not solicited by the state, is allowed to stand uncorrected.[8]

■ Only a brief reference to the record will demonstrate that there is evidence to support the trial court's findings of fact and that the above principles of law were properly applied to the case by granting of the writ. Ward was on trial charged only with the crime of rape. Dr. Ross, who examined the victim a few hours after the attack, testified below that he was of the opinion that the victim had not been raped but that sodomy had been committed upon her. He further testified that within a few minutes before the start of the trial, he advised the prosecuting attorney of his opinion, and was told by the prosecutor to testify only in general terms and say that in his opinion a sexual assault had been committed upon the woman. It is true, the prosecuting attorney testified below and denied the accuracy of the testimony of the doctor in some material respects, but, the court below chose to accept the testimony of Dr. Ross rather than that of the prosecuting attorney. Giving credence to the testimony of Dr. Ross, it is a clear instance of the use of false testimony and the knowing suppression of evidence. Such testimony clearly left the inference with

New York v. Pecos Mercantile Co., 10 Cir., 122 F.2d 143; Chessman v. Teets, 9 Cir., 239 F.2d 205, vacated on other grounds, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253; 35B C.J.S. Federal Civil Procedure §§ 880, 884, pp. 203–204, 205–206.

5. See Peckham v. Family Loan Company, 5 Cir., 262 F.2d 422, cert. denied, 361 U.S. 824, 80 S.Ct. 70, 4 L.Ed.2d 68; Agronofsky v. Pennsylvania Greyhound Lines, 3 Cir., 248 F.2d 829; 35B C.J.S. Federal Civil Procedure § 886, p. 207.

6. Devins v. Crouse, Warden, 10 Cir., 319 F.2d 62, and cases therein cited.

7. Napue v. People of State of Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217; Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Gay v. Graham, 10 Cir., 269 F.2d 482; Wiman v. Powell, 5 Cir., 293 F.2d 605; Reickauer v. Cunningham, 4 Cir., 299 F.2d 170, cert. denied, 371 U.S. 866, 83 S.Ct. 127, 9 L.Ed.2d 103; United States, ex rel. Thompson v. Dye, 3 Cir., 221 F.2d 763, cert. denied, Commonwealth of Pa. v. United States ex rel. Thompson, 350 U.S. 875, 76 S.Ct. 120, 100 L.Ed. 773.

8. Napue v. Illinois, supra; Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L. Ed.2d 9.

the jury that the crime of rape had been committed, which was contrary to the opinion of the doctor, and withheld from the jury his true opinion. The state prosecutor certainly knew that the testimony of the doctor, without explanation by further examination, led the jury to believe that the victim had been raped, and that the doctor was so testifying. It constituted the knowing use of untrue testimony and the knowing suppression of evidence. It cannot be said that such evidence was not material because it goes to the question of whether the very crime charged had actually been committed.

Appellant further argues that even if these facts exist, counsel for Ward knew of the opinion of the doctor, and, thus, there could have been no suppression of evidence. It is true there is some evidence in the record from which the trial judge could have so found. But the criminal trial counsel for Ward denied that he had any such knowledge at the time of the trial of the criminal case, and the finding before us is that counsel did not have such knowledge. We must accept that finding as it has evidentiary support in the record and, hence, we cannot say it is clearly erroneous.

Appellant's last contention is that the lower court committed prejudicial error by not permitting him to impeach one of his own witnesses—the victim of the criminal assault. The impeachment attempt was made because of inconsistent statements the witness made concerning what she had told Dr. Ross prior to, and during, his physical examination of her and within a few hours after the assault. Granting, without so holding, that this was trial error, we think it comes within the "harmless error" provisions of Rule 61, F.R.Civ.P., 28 U.S.C.A., and therefore is not a ground for setting aside or otherwise disturbing the lower court's judgment. All of the testimony of this witness was immaterial and irrelevant to the real issues in this case. The same decision would have been reached even if the witness had been successfully impeached or had not even been called as a witness in the trial.

The judgment of the court below granting the writ of habeas corpus and releasing appellee from the custody of the Warden must be affirmed, but, the writ will be granted without prejudice to the right of the State of Utah to take custody of the petitioner for the purpose of retrying him, in accordance with the law, if it so elects, for the crime charged in the information.

Affirmed.