John T. O. BEELER, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 7614.

United States Court of Appeals Tenth Circuit.

June 5, 1964.

L. William Schmidt, Jr., Denver, Colo., for appellant.

Robert J. Lewis, Jr., Asst. Atty. Gen. of Kansas, Topeka, Kan. (William M. Ferguson, Atty. Gen., and Arthur E. Palmer, Asst. Atty. Gen., Topeka, Kan., on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

John T. O. Beeler is confined in the Kansas State Penitentiary at Lansing, Kansas, where is he serving a sentence of not less than ten years nor more than twenty-one years for first degree robbery. His petition for a writ of habeas corpus alleged that he is unlawfully held because his plea of guilty upon which he was sentenced was obtained through threats, coercion and physical abuse. This is an appeal from a judgment denying the writ and remanding the prisoner to the custody of the respondent warden.

The petitioner was present at the hearing on the petition and testified that when he was arrested after trying to avoid officers, one of them struck him on the neck with a pistol. He also testified that after being taken to the police headquarters at Kansas City, Kansas he was struck and threatened by officers, including his step-father, who was a deputy sheriff. There was testimony by other witnesses that when he was later observed his face was swollen. The officers testified that petitioner was not threatened or abused in any manner except by his step-father and that this occurred after the petitioner had admitted his part in a robbery. The officers who were present testified that when the step-father appeared he cursed petitioner and struck him several times about the face with his open hand, and that he was immediately restrained and removed from the room. Beeler admitted that he did not advise his attorney about this alleged abuse when arraigned, nor did he advise the court that his plea of guilty was the result of mistreatment.

█ Habeas corpus is a civil proceeding and the burden is upon the petitioner to show by a preponderance of the evidence that he is entitled to relief. Teague v. Looney, 10 Cir., 268 F.2d 506, and cases cited.

██ Findings of the trial court upon conflicting evidence will not be disturbed on appeal unless clearly erroneous. Fed.R.Civ.P. Rule 52(a); Devins v.

**784**

Crouse, 10 Cir., 319 F.2d 62; Raisin v. Hunter, 10 Cir., 167 F.2d 742. The evidence presented at the hearing before the trial court sufficiently supports the findings.

Other assignments of error have been considered and found to be without merit.

Affirmed.