Nathaniel ROWANS, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas
State Penitentiary, Lansing, Kansas,
Appellee.

No. 7936.

United States Court of Appeals
Tenth Circuit.

March 8, 1965.

F. Michael Ludwig, Denver, Colo., for
appellant.

Richard H. Seaton, Asst. Atty. Gen.
(William M. Ferguson, Atty. Gen., and
Park McGee, Asst. Atty. Gen., were with
him on the brief), for appellee.

Before LEWIS, BREITENSTEIN and
SETH, Circuit Judges.

LEWIS, Circuit Judge.

█ This appeal is taken from an order of the District Court for the District of Kansas discharging, after a hearing, petitioner's application for a writ of habeas corpus. Petitioner, a state prisoner, contends that he was mentally incompetent at the time he entered a plea of guilty to the state offense and has never been given an opportunity to have his competency legally determined. The court below found that a determination of mental competency to enter a plea had been made by the state trial court and that such determination "rested upon petitioner's own admissions, made in open [state] court, that he understood the nature and extent of the charges against him." We consider the federal finding to be self-defeating by its terms and thus clearly erroneous and inadequate as a premise for discharge of the writ in view of the circumstances of the entry of petitioner's plea as reflected in the state record.

█ Petitioner entered a plea of guilty and was sentenced by the Kansas court on September 4, 1962. The offense charged had been committed in 1956. The sentencing court was informed by state counsel and petitioner's court-appointed attorney that petitioner had in the interim been adjudicated criminally insane by a Colorado court, had been confined for three years in a Colorado mental institution and was an escapee from that institution. Both counsel indicated that they did not think the evidence would support a claim that petitioner was legally insane at the time of the commission of the offense but defense counsel stated that petitioner had "since suffered considerable mental derangement and presently is perhaps not altogether well." The state attorney informed the sentencing court that "there is some good indication of some medical attention of a psychiatric nature being needed" and "the man is in need of attention." Notwithstanding these circumstances the

state trial court determined that petitioner could properly plead because he answered affirmatively that he understood the nature of the charge made against him. We hold the state procedures inadequate to meet the dictates of due process or such constitutional safeguards as are contained in pertinent Kansas statutes. See G.S.Kansas 1949, 62–1531. Devins v. Crouse, 10 Cir., 319 F.2d 62, is distinguishable for we there held only that a factual determination of the federal trial court was not clearly erroneous. In the case at bar we find clear error in the District Court's finding that the state trial court had made a constitutionally supportable adjudication of petitioner's mental competency to enter a plea.

We remand [1] the case to the District Court with directions to make a factual determination of petitioner's mental competency at the time of plea.

---

1. The specificity of the remand is conditioned upon the assumption that petitioner has exhausted his state remedies. The application for a writ of habeas corpus alleges that he has twice applied to the Kansas state courts for a writ and has been twice denied. But the record does not reveal the nature of the contentions contained in the state applications.