# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2022

Lyle W. Cayce
Clerk

No. 21-60776
Summary Calendar

---

Tiffany Lay; Robert Lay,

*Plaintiffs—Appellants*,

*versus*

United States of America,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-188

---

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Tiffany and Robert Lay filed a lawsuit against the United States pursuant to the Federal Tort Claims Act (FTCA) alleging that Tiffany Lay suffered injury due to medical malpractice by employees of the G.V. (Sonny) Montgomery Department of Veterans Affairs Medical Center in Jackson,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60776

Mississippi, and that Robert Lay, her husband, suffered a loss of consortium as a result. The district court held a four-day bench trial. The district court informed the parties that it would not hear closing arguments but would instead have each party submit supplemental proposed findings of fact and conclusions of law after the trial, which both parties did. Ultimately, the district court entered a 21-page memorandum opinion and order ruling in favor of the United States.

On appeal, the Lays assert that the district court made two errors. First, the Lays claim that the district court violated Federal Rule of Civil Procedure 52(a) by not providing record citations in its findings of fact contained in its memorandum opinion. Second, the Lays claim that the district court erred by not providing for closing arguments by the parties. The Lays contend that these errors require vacatur and remand.

The Lays' first argument lacks merit. *Ruiz v. Estelle*, 679 F.2d 1115, 1133 (5th Cir. 1982) ("However convenient it might be for counsel and the appellate court to have 'specific citations to the record' . . . such citations are not required."), *amended and vacated in part on other grounds*, 688 F.2d 266 (5th Cir. 1982); *see also* Fed. R. Civ. P. 52(a) (containing no requirement that district court include record citation in findings of fact). And the Lays forfeited their second argument by not objecting to the lack of closing argument before the district court. *Horton v. Bank One, N.A.*, 387 F.3d 426, 435 (5th Cir. 2004). In any event, there was no error, because "[d]enying closing arguments in a civil bench trial is within a district court's discretion." *Thomas v. New York Life Ins. Co.*, 161 F.3d 8 (5th Cir. 1998) (unpublished); *Peckham v. Fam. Loan Co.*, 262 F.2d 422, 425 (5th Cir. 1959). Nor have the Lays attempted to demonstrate on appeal how any purported error affected their substantial rights. Fed. R. Civ. P. 61.

Because the Lays have identified no reversible error, we AFFIRM.