144 So.2d 533 (1962)
VITRA-SPRAY OF FLORIDA, INC., a Florida Corporation, and Production Paints & Coatings, Inc., a New York Corporation, Appellants,
v.
Nathan S. GUMENICK, Trading As Southgate Towers Apartments, and Southgate Corporation, Appellees.
No. 61-712.
District Court of Appeal of Florida. Third District.
September 25, 1962.
Leonard G. Egert, Miami Beach, for appellants.
Sibley, Grusmark, Giblin, King & Levenson, Miami Beach, for appellees.
Before PEARSON, TILLMAN, C.J., and HORTON and CARROLL, JJ.
PEARSON, TILLMAN, Chief Judge.
Vitra-Spray of Florida, Inc. and Production Paints & Coatings, Inc. were plaintiffs in a complaint which sought the foreclosure of two separate claims of lien against real property owned by Southgate Corporation. The complaint alleged that the defendant, Nathan S. Gumenick, "trading as Southgate Towers Apartments", acted as the agent for Southgate Corporation, the owner of the property. A motion to dismiss plaintiffs' third amended complaint was filed by both defendants. The motion was granted and the plaintiffs appeal. We hold the complaint is sufficient against the motion to dismiss and we reverse.
The plaintiffs each seek a lien against the real property of Southgate Corporation and in the alternative they each seek a money judgment for the alleged unpaid portion of *534 their charges. The decree of dismissal ruled only upon the claims of lien:
"* * * the Third Amended Complaint is dismissed with prejudice as to the lien action filed, but without prejudice as to the rights of the plaintiffs to file other than lien actions."
The question presented by the appellants seeks a determination as to whether the complaint states a cause of action for foreclosure of (a) the claim of lien filed by Vitra-Spray against Southgate Corporation, and (b) the claim of lien filed by Production Paints against Southgate Corporation.
The facts as alleged in the complaint (which must be accepted as true upon motion to dismiss) may more conveniently be stated separately as to each plaintiff.

Vitra-Spray
1. Production Paints entered into a written contract with Southgate for exterior and interior painting.
2. The contract was assigned to plaintiff, Vitra-Spray. Vitra-Spray was permitted to perform the work, and as the work progressed it received partial payment therefor.
3. Additional work not called for by this contract was ordered, performed, and billed as extra.
4. The contract called for written notice of extras and final certification by the architect before payment, but these requirements were waived by the defendant-owner by (a) failure to provide or follow such procedure, (b) knowingly and wilfully accepting the work and materials supplied by plaintiffs designated as extras, (c) partial payment of bills plainly labeled "extras".
5. Vitra-Spray, as a contractor, furnished a sworn statement that all lienors contracting with them had been paid in full.
6. Vitra-Spray filed a timely claim of lien, and "true copies thereof were sent, by certified mail to each of the defendants. * * *"

Production Paints
1. Subsequent to its assignment of the painting contract to Vitra-Spray, Production Paints furnished to the owner, Southgate, 645 gallons of calking compound and 60 gallons of calking compound cleaner.
2. The calking compound and cleaner were furnished pursuant to an oral agreement (evidenced by a letter to the owner[1]).
3. Production Paints was paid by Southgate, the owner, for a portion of the material supplied and payment was refused for the balance.
4. Production Paints filed a timely claim of lien, and "true copies thereof were sent by certified mail to each of the defendants * * *."
The appellants conceive that the basis for the decree of dismissal was the chancellor's finding that they were each barred by the provisions of the written contract which require written authorization for extras and final certification by the architect. The possibility of waiver of such provisions by subsequent dealings between the parties is amply supported by the authorities. Charlotte Harbor & N. Ry. Co. v. Burwell, 56 Fla. 217, 48 So. 213. Broderick v. Overhead Door Co. of Fort Lauderdale, Fla.App. 1959, 117 So.2d 240. The complaint alleges ultimate facts which, if proved, would render it a fraud upon the plaintiffs for the defendant to refuse to perform the alleged oral modification of the written contract.
*535 The appellee-owner suggests three other possible grounds for the chancellor's finding that the complaint failed to state a cause of action: (1) §§ 84.18(1) (a) and 84.18 (2) (a), Fla. Stat., F.S.A. provide for registered mail delivery, for service of a copy of a claim of lien, while plaintiffs allege delivery by certified mail; (2) Production Paints, having assigned the contract, was a materialman bound by the allegation of Vitra-Spray (the assignee and ultimately the contractor) that it had given a sworn statement that all lienors contracting with it have been paid in full; and (3) Production Paints, a materialman not in privity with the owner, failed to give the notice of indebtedness or cautionary notice required by § 85.26, Fla. Stat., F.S.A.
Our study of the complaint convinces us that Production Paints is claiming under a direct contract with the owner. Therefore, the objections set forth in "(2)" and "(3)" above do not apply.
While it is true that § 84.18, Fla. Stat., F.S.A. requires the use of registered mail (if mail is used) for serving a claim of lien, the legislature of the State of Florida in 1957 expressly provided that "In construing these statutes * * * [t]he words `registered mail' shall include certified mail with return receipt requested." § 1.01(13), Fla. Stat., F.S.A. It has not been alleged that plaintiffs in this cause employed certified mail with return receipt requested; however, the purpose of § 84.18, Fla. Stat., F.S.A., is simply to assure notice to the owner of a claim. We do not think that the legislature intended to make a specific type of postal delivery a condition precedent to the establishment of a claim. Notice is the important element dealt with by the section. The defendant has not had an opportunity to deny notice of the claim. We are reinforced in our conclusion by the public policy declared in the statute itself that the lien law should be liberally construed in all matters of procedure to secure the beneficial intents and purposes thereof. § 84.33, Fla. Stat., F.S.A.
The decree of dismissal is reversed and the cause remanded for further proceedings.
Reversed.
NOTES
[1] The letter is attached as an exhibit and reads, in part, as follows:

"All calking materials delivered to the job for use on door saddles, windows and door frames will be billed by Production Paints & Coatings, Inc. Our direct labor cost for calking will be billed by Vitra-Spray of Florida, separate from invoices for painting work, as per our earlier understanding."