174 So.2d 749 (1965)
DORAL COUNTRY CLUB, INC., a Florida corporation, Carol Management Corp., a New York corporation, Alfred L. Kaskel, Herman Kaskel and Alvin I. Schragis, as Trustees of 4815 Collins Avenue Corp., a dissolved Florida corporation, Appellants,
v.
CURCIE BROTHERS, INC., a Florida corporation, Appellee.
No. 64-545.
District Court of Appeal of Florida. Third District.
May 4, 1965.
Rehearing Denied May 26, 1965.
*750 Milton E. Grusmark, Miami Beach, for appellants.
Crouch, Ward & Ferris, Hallandale, for appellee.
Before TILLMAN PEARSON, CARROLL and HENDRY, JJ.
PER CURIAM.
The appellant 4815 Collins Avenue Corp. entered into a written contract with the appellee Curcie Brothers, Inc. (hereinafter called Curcie) on February 20, 1961, for improvement of certain lands including the construction thereon of a 27-hole golf course.[1] The contract price was $315,000. There was an equipment rental schedule specifying hourly rates for types of equipment. Progress payments were to be made on the basis of the equipment used and paid for according to the rental schedule, with 20% hold back. Provision was made for changes or additional work based on written instructions or drawings, and for payment therefor at a certain price per yard for the excess materials thus required to be used.
The work proceeded to completion. There were extras and additions on matters within the contract and also on matters not within the purview of the contract, including addition of nine holes to the golf course. The total of the charges for all services, materials and labor, based on equipment rental schedule, according to Curcie's records was $1,053,232.15. Calculated on the same basis, appellants' records showed the total to be some $2,400 less, or $1,050,983.64. Appellants, who collectively will be referred to as Doral, paid the contractor $789,858.24. This suit by Curcie to foreclose a lien for the amount unpaid resulted in a decree for the plaintiff for judgment against the appellants and the surety on a bond which had replaced the lien. The judgment was for $261,125.41, which was the balance reflected by Doral's records, with interest thereon at the legal rate from January 31, 1962, plus a portion of the costs.
On this appeal taken by the defendants below it is contended (1) that Doral should be excused from paying charges for extras and additions because they were not provided for in writing, (2) that the evidence fails to support the findings, and (3) that the chancellor's decree was inconsistent with the findings. We have carefully considered these contentions in the light of the record and briefs and find them to be without merit.
Changes and additions were undertaken without compliance with the preliminary written request or drawings as provided for in the contract. There is ample evidence that such action was mutually acceptable and was agreed upon. Appellants contend, however, that the requirement for written consent to the additions *751 could not be waived and the contract thus changed, by oral agreement. We reject that contention here. The subsequent course of dealing between the parties established a waiver of the provision that authorization for extras or additions should be written. See Vitra-Spray of Florida, Inc. v. Gumenick, Fla.App. 1962, 144 So.2d 533; Broderick v. Overhead Door Co. of Fort Lauderdale, Fla.App. 1959, 117 So.2d 240; Larnel Builders v. Nicholas, Fla.App. 1960, 123 So.2d 284.
The evidence adequately supports the findings of the chancellor. No useful purpose would be served by a detailed review of the evidence presented. During the course of the performance of the contract the parties shifted the basis for billing to the rental equipment schedule, for all purposes. They did not, as a basis for compensation, keep records on yardage or on additional materials used, but ultimately the work was charged and billed and paid for on the basis of the equipment rental schedule. On that basis, as contemplated in the contract, computations were made and mutually verified daily. Bills were submitted thereon weekly and they were honored by payment, less 20% withheld.
The appellants' contentions of duplications in charges are not borne out by the record. The total bill submitted by Curcie listed amounts due according to several classifications, one of which was "contract." Appellants contend that certain charges by Curcie under other classifications were for items of work which were also charged for under "contract." However, the record reveals that the classifications referred to in the billings were agreed upon and intended as a convenience to facilitate billing. Moreover, the charges were made daily and checked by representatives of both parties and the evidence discloses that only the work performed was thus charged for and billed. The chancellor's decision that the equities of the cause were with the plaintiff Curcie and the judgment awarded were consistent with the findings and the evidence.
No reversible error having been made to appear, the final decree appealed from should be and hereby is affirmed.
Affirmed.
NOTES
[1] After entering into the contract, 4815 Collins Avenue Corp. conveyed part of the property to Doral Country Club, Inc., and the remaining part to Carol Management Corp. Thereafter, and prior to suit, 4815 Collins Avenue Corp. was dissolved. After suit was filed to foreclose the lien, Doral Country Club, Inc. and Carol Management Corp. moved to transfer the lien to a bond, as provided for by § 84.24, Fla. Stat., F.S.A. then in effect. Their motion was granted. A surety bond for $300,000 was filed. The chancellor approved the bond and ordered the lien transferred thereto.