McCAIN, Judge.
Appeal is brought by defendants, S. W. and Katherine Bardill, from a final decree granting relief to plaintiffs, Jack N. and Dorothy Jean Holcomb. We reverse.
Plaintiffs and defendants entered into a transaction whereby plaintiffs conveyed to defendants a large tract of land and as partial consideration received from defendants two improved parcels of land. The remainder of the consideration due plaintiffs was agreed to be $90,460.00. The parties decided, however, that a mutual tax advantage could be realized if the transaction were completed strictly as a property exchange. Instead of paying the agreed balance, therefore, defendants assigned to plaintiffs working interests in four Ohio oil wells.
To insure that the somewhat speculative oil leases would produce a minimum of $90,460.00, Defendant-S. W. Bardill alone signed a non-negotiable non-interest bearing note payable in that amount to plaintiffs. The note specifically provided that it was given to guarantee that the assigned oil leases would produce $90,460.00 at a rate of $2,400.00 per month, said monthly average to be determined every six months. At the same time Defendant-S. W. Bardill also executed a document labeled “Guaranty Agreement”. This agreement recited the assignments of the oil leases to plaintiffs and Bardill’s willingness to give the note and his personal guaranty for payment of $90,460.00 from the leases and further provided that Bardill did “personally guarantee that Holcomb shall receive a total gross income of $90,460.00 as a result of the foregoing assignments of oil leases”. The document also set out the requirement for the $2,400.00 monthly average computed every six months.
Bardill then agreed that:
“In the event that the oil income from the above described assignments does not average $2,400.00 per month as computed on the accounting procedure as set forth in paragraph 1 hereof, Bardill shall immediately, at his option, do one of the following:
“(a) Pay in cash to Holcomb the amount necessary to bring the average monthly income up to $2,400.00 per month for each six month period, or
“(b) Assign to Holcomb additional oil leases to produce sufficient income to make up the deficiency for the previous six month period to maintain an average monthly income of $2,400.00 per month during the remainder of this guaranty.”
Viewed separately the note and “guaranty” are repetitious in the sense that they both seek the same goal. Where a note and contemporaneous writing are executed for the same purpose and are not inconsistent they may be read together. Johnson v. Smith, Fla.1956, 84 So.2d 722; 11 Am.Jur.2d, Bills and Notes, § 70. Applying this rule, the note provides an enforceable promise by Bardill, which promise is further explained and defined by the provisions of the “guaranty.”
Read together the note and “guaranty” form what is, in essence, a contract of warranty. Nicolaysen v. Flato, Fla.App. 1967, 204 So.2d 547. S. W. Bardill personally warranted (1) that plaintiffs’ total income from the assigned leases would reach $90,460.00, and (2) that this amount would be realized at a minimum average rate of $2,400.00 per month when averaged every six months.
The methods used to effect this transaction are admittedly unusual, but we believe that this construction best comports with the intention of the parties, which in the final analysis is the controlling factor. Smart v. Brownlee, Fla.App.1967, 195 So.2d 4.
The oil wells failed to produce the expected revenue and pursuant to the agreement plaintiffs notified Bardill. When Bardill refused to perform plaintiffs *66 brought this suit. In its final decree the trial court ordered the defendant to pay-plaintiff the six-month deficiency of $4,-525.86 within ten days together with accrued interest. Defendant was also ordered to assign to plaintiff sufficient oil leases to secure the semi-annual sums due or in the alternative to “otherwise secure the payment by some adequate security in the nature of a surety bond or otherwise * *
In granting equitable relief the trial court erred. Once the oil leases failed to generate the warranted revenue and defendant did * not perform as agreed, plaintiffs had a cause of action on the note for breach of its conditions. The trial court recognized this but felt that, unless some equitable relief were granted, plaintiffs would be forced to bring suit each time defendant refused to make up the deficiencies against which he had warranted. We concede that plaintiffs may be forced to bring several actions should defendant continue” to refuse to meet his obligations. The note, however, contained no acceleration provision. Upon defendant’s default his liability was for the amount of the current deficiency and not for any future sums that may become due. Potential future liability on a note does not result in a multiplicity of lawsuits so as to authorize equitable relief. E. J. Sparks Enterprises, Inc. v. Christman, 1928, 95 Fla. 928, 117 So. 388. Plaintiffs have an adequate, if somewhat inconvenient, remedy at law.
Plaintiffs have attempted to classify the warranty contract as a contract in the alternative which can be specifically enforced upon defendant’s failure to exercise either of his options. It is clear that the obligation sued on was a conditional promissory note in the nature of a warranty. Plaintiffs could not force defendant to exercise his option to assign further leases any more than they could require him to utilize his reserved right to prepay the entire obligation.
The decree referred to the defendant in the singular without, specifying which defendant. It is clear that Katherine Bardill was not a party to the note and warranty agreement and could not be liable thereon.
Upon remand the trial court is instructed to limit its relief to S. W. Bardill alone. After making a determination of the amount of the deficiency found to exist as well as the amount of any appropriate interest, the court should decree a short day within which the same is to be paid, otherwise the de'cr'ee' will-¡stand as a judgment against S. W. Bardill. We observe that the deficiency was stipulated by the parties to be in the amount of $4,525.86 as of January 1, 1966. We also recognize that the claim for court costs and attorney’s fees was subject to a separate order which is presently before this court under a separate appeal and therefore is not affected by this opinion.
Reversed and remanded.
OWEN, J., and PATTERSON, WILLIAM A., Associate Judge, concur.