362 So.2d 117 (1978)
BARILE EXCAVATING & PIPELINE CO., INC., a Florida Corporation, Appellant,
v.
VACUUM UNDER-DRAIN, INC., a Florida Corporation, Appellee.
No. II-69.
District Court of Appeal of Florida, First District.
August 22, 1978.
*118 R. Michael Kennedy of Kinsey, Vincent, Pyle & Williams, Daytona Beach, for appellant.
Joseph T. Garlovsky of Judge & Warren, Daytona Beach, for appellee.
BOYER, Acting Chief Judge.
Appellant seeks reversal of a final order of dismissal of its second amended complaint with prejudice. The complaint consists of two counts. Both counts of the original complaint were dismissed with right to amend. By an explanatory order dated April 18, 1977 count one of the amended complaint was dismissed with prejudice and count two with further leave to amend. A motion to dismiss was directed to the second amended complaint and upon the plaintiff stating to the court that it did not wish to further amend that motion was granted with prejudice.
The case arises out of a written rental contract whereby appellee, Vacuum Under-Drain, Inc., rented to appellant certain equipment (well points, pumps, etc.) intended to be used by appellant incident to a contract which had been awarded to appellant for the installation of 6,000 feet of sanitary sewer pipe in Broward County. The first count of the second amended complaint purports to be based upon an alleged breach of implied warranty of fitness for a particular purpose. The modern view, which has been adopted by the Supreme Court of Florida, is that in the absence of an agreement to the contrary, where a lessor of personal property has reason to know the particular purpose for which it is leased by the lessee and that the lessee is relying upon the lessor's skill or judgment to select or furnish suitable property, there is an implied warranty of fitness for such purpose. In W.E. Johnson Equipment Co. v. United Airlines, Inc., 238 So.2d 98 (Fla. 1970) the late Justice Drew, speaking for the court, said:
"Whether the warranty of fitness applies to a particular transaction depends upon an evaluation of the total commercial setting of the transaction, including but not limited to consideration of the factors mentioned herein.
"The general rule can be stated as follows: In the absence of an agreement to the contrary, where the lessor has reason to know any particular purpose for which *119 the leased chattel is required and that the lessee is relying upon the lessor's skill or judgment to select or furnish a suitable chattel, there is an implied warranty that the chattel shall be fit for such purpose." (238 So.2d at page 100)
However, appellant's reliance on the above cited case is misplaced. First, it will be noted that the introductory clause to the general rule as stated by Justice Drew is "in the absence of an agreement to the contrary,": Sub judice, count one of the second amended complaint, which incorporated the written contract between the parties, reveals "an agreement to the contrary". Second, although count one was apparently intended to state a cause of action based on an implied warranty, the allegations set up instead an express warranty which, however, is in direct contradiction to the provisions of the written contract itself. We accordingly conclude that the learned trial judge did not err in dismissing count one.
Although count two of the second amended complaint is entitled "misrepresentation" and that word is repeated in the allegations, it is apparent from the verbiage that the plaintiff is attempting to allege a breach of an allegedly orally modified contract. Since no breach of the written contract is alleged it is necessary to determine whether or not the plaintiff (appellant here) successfully pleaded an oral modification, not barred by the parole evidence rule.
In his order of April 18, the reasoning of which was adopted by the trial judge in the order here appealed, he stated:
"That Count II attempts to allege an oral modification of written contract. Written contracts (not under seal) can be modified by subsequent oral agreement of the parties, even though the written contract purports to prohibit such modification. See Vita-Spray of Florida, Inc. v. Gumenick, 144 So.2d 533 (Fla. 3d DCA 1962); Doral Country Club, Inc. v. Curcie Brothers, Inc., 174 So.2d 749 (3d DCA 1965). This subsequent modification may even result from the conduct of the parties. Fletcher v. Laguna Vista Corporation, 275 So.2d 579 (Fla. 1st DCA 1973)."
* * * * * *
"Count II of the amended complaint is not subject to dismissal on the basis of the liquidated damage clause of the contract attached as Exhibit A. See Poinsettia Dairy Products v. Wessell Co., 166 So. 306 (Fla. 1936); Stenor, Inc. v. Lester, 58 So.2d 673 (Fla. 1952); and Nicholas v. Miami Burglar Alarm Co., Inc., 266 So.2d 64 (3d DCA 1972)."
We agree with those principles. The issue, therefore, is whether appellant in the second count of its second amended complaint adequately pleaded an oral modification of the written contract which is attached as an exhibit. We find that it has. Although certainly not a model pleading, the second count of the second amended complaint alleges the written contract between the parties; that subsequent to the execution of the contract appellee's agent continued to represent the adequacy and suitability of the equipment furnished pursuant to the contract and that in the event same proved to be inadequate that different equipment would be furnished; that notwithstanding repeated assurances by appellee's agent that adequate equipment would be furnished none was in fact ever furnished and that damages resulted from the breach. Further, a reading of the entire count leads to the inescapable conclusion that the plaintiff claims to have relied upon the promises, representations and assurances of appellee's agent. The law has long been well settled that reliance is sufficient consideration.
The principles applicable to consideration of a complaint as to adequacy to state a cause of action have been repeatedly stated by this court and no useful purpose will be accomplished by repetition here. Dawson v. Blue Cross Assn., 293 So.2d 90 (Fla. 1st DCA 1974) and Thomas v. Rollins, 298 So.2d 186 (Fla. 1st DCA 1974).
We conclude, therefore, that the second count of the second amended complaint adequately states a cause of action, not for misrepresentation, but instead for breach of *120 an oral modification to a written contract and that the learned trial judge erred in dismissing same.
We do not find it necessary to address the other issues raised by the parties in their briefs.
Affirmed in part and reversed in part and remanded for further proceedings consistent herewith.
BOOTH, J., concurs.
SMITH, J., concurs in part and dissents in part.
SMITH, Judge, concurring in part and dissenting in part:
I agree that the trial court correctly dismissed count 1 of appellant's complaint, which attempts to allege an express oral warranty which is negated by the written contract. I think the trial court was also correct in dismissing count 2, which purports to be a claim for "misrepresentation." I agree with the majority that the trial court should have sustained that count on any theory well pleaded, notwithstanding appellant's erroneous characterization of its cause of action. However, I do not believe that appellant's count 2 can be transformed into a simple claim that appellant orally agreed to rent, and appellee orally agreed to supply for an agreed rental, a water pump of a certain capacity. Such an agreement is not well pleaded. Nor is it satisfactorily pleaded that appellee's failure to perform caused damages by delay for the period, not stated, in which appellant was prevented from obtaining the equipment elsewhere. Finally, the ad damnum clause is too broad and too saturated with erroneous notions of misrepresentation, in my opinion, to justify judicial surgery on the pleading. That clause is:
As a direct and proximate result of Defendant's misrepresentations, Plaintiff has sustained damages for delay in completing its previously existing contractual obligations, together with expenses incurred as a result of the required extra man-hours and equipment attempting to cure inadequacies and problems caused by Defendant's misrepresentations. In addition thereto, Plaintiff has sustained damages in renting new equipment to replace Defendant's and sustained lost profits for its equipment for that period of delay occasioned by Defendant's misrepresentations.
I would affirm the trial court's dismissal on count 2.