387 So.2d 1052 (1980)
PAN AMERICAN ENGINEERING CO., INC., a Florida Corporation, Appellant,
v.
PONCHO'S CONSTRUCTION CO., Appellee.
No. 00-197/T1-111.
District Court of Appeal of Florida, Fifth District.
September 17, 1980.
Burton L. Bruggeman, Orlando, for appellant.
*1053 Linton S. Waterhouse, Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellee Poncho's Construction Company obtained a judgment enforcing a mechanic's lien for work performed on a sewage collection and storm drainage system. Appellee was a sub-contractor retained by appellant Pan American Engineering Company, Inc., which was the prime contractor, and was to complete all phases of a sub-contract on which a prior sub-contractor had defaulted. The contract between appellant and appellee required all change orders to be in writing and signed by appellant.
The first question raised by this appeal is whether the trial court erred by allowing into evidence both the requests for written change orders and oral testimony in support thereof, when the contract language stated that only written change orders, signed by the contractor, would be honored.
The contract specifically provided:
No changes are to be made, however, except upon written order from the Contractor, and the Contractor shall not be held liable to subcontractor for any extra labor or materials furnished without such written order.
There is solid support for the principle that written contracts can be modified by subsequent oral agreement of the parties, even though the written contract purports to prohibit such modification. Barile Excavating v. Vacuum Under-Drain, 362 So.2d 117 (Fla. 1st DCA 1978); Vitra-Spray of Florida, Inc. v. Gumenick, 144 So.2d 533 (Fla. 3d DCA 1962). In Vitra-Spray, the court held that the possibility of waiver of the contract provision by subsequent dealings of the parties existed which would render it a fraud upon one party for the other to refuse to perform the alleged oral modification.
It is also possible for a subsequent modification to result from the conduct of the parties. Barile Excavating at 119; Fletcher v. Laguna Vista Corp., 275 So.2d 579 (Fla. 1st DCA 1973). In Fletcher, the contractor was awarded $68,000.00 in increased costs following completion of apartments constructed for owner. The owner contended that the total sum payable to the contractor was pursuant to a valid written contract and could not be increased without the owner's written consent. The contractor had presented the owner with two change orders based on increased overhead costs incurred by the contractor in construction of the apartments but owner refused to sign the orders.[1] The First District Court of Appeal affirmed an award to contractor, declaring that the manner in which the parties interpreted the contract through their course of dealings is of great significance. The court found that the owner was aware of some increase in the cost of overhead and never objected and had previously accepted one change order not signed in accordance with the contract. Hence, the parties modified the contract by their course of dealings.
Therefore, the trial court here was not in error in permitting the introduction of the requests for change orders since the written contract could have been modified by them. The essential question is whether there is substantial, competent evidence in the record to support the trial court's determination that a modification or waiver of rights under the contract occurred. See Wiener v. Wiener, 343 So.2d 1319 (Fla. 3d DCA 1977). Because this matter will be remanded for new trial, we need not reach this question.
The second question is whether the trial court abused its discretion by not allowing appellant's counsel to make final oral argument.
At the close of defendant's case, the court gave plaintiff fifteen days to file a memorandum of law and summary of the evidence, and defendant fifteen days to reply. In addition, it was provided that:

*1054 Either attorney may, in writing, submit a request for oral argument which the court will set... .
Plaintiff (appellee) never filed the memorandum or furnished defendant with a copy and therefore, defendant (appellant) never filed or served a reply and oral argument never occurred.
In civil cases, federal courts have recognized that in non-jury cases, if argument is granted, it is a privilege and not as of right. Yep v. Immigration and Naturalization Service, 318 F.2d 841 (7th Cir.1963); Peckham v. Family Loan Co., 262 F.2d 422 (5th Cir.1959), cert. denied 361 U.S. 824, 80 S.Ct. 70, 4 L.Ed.2d 68 (1959). In Peckham, it was stated that the matter of permitting oral argument at the close of trial is within the court's discretion. Id. at 425.
In Florida, there is no constitutional or statutory provision deeming the right to be heard at the close of a non-jury civil trial an absolute right. In Collins Fruit Co. v. Giglio, 184 So.2d 447 (Fla. 2d DCA 1966), the court did state, however, that counsel's summarizing remarks frequently tie together previously unconnected or seemingly irrelevant testimony and highlight those phases of the evidence considered most favorable by the parties, thus making it a crucial phase of a lawsuit. However, Collins differs from the instant case in that it involved a jury trial and did not deal with a right to final argument but rather with improprieties therein which prejudice the opposing party.
In the case before us, the court had instructed appellee to file a memorandum of law. Appellee declined to do so, and instead submitted a proposed judgment to the trial judge which he entered without further notice or opportunity to appellant to request oral argument. Having first announced that the parties would be given an opportunity to present memoranda of law and summaries of the evidence, it was error for the court to proceed without further opportunity to appellant to be heard.
After entry of the final judgment, the trial judge died; therefore, we have determined that we must remand for new trial.
REVERSED and REMANDED for new trial.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] The contract required either the owner's signature or permitted contractor to make a claim for an increase in the contract sum and provided for the architect to determine the sum if the parties could not.