423 So.2d 966 (1982)
LINEAR CORPORATION and S of L Electronics, Inc., Appellants,
v.
STANDARD HARDWARE COMPANY, Appellee.
No. AJ-132.
District Court of Appeal of Florida, First District.
December 6, 1982.
Rehearing Denied January 7, 1983.
William H. Clark of Clark, Partington, Hart, Hart & Johnson, Pensacola, for appellants.
Charles C. Sherrill of Sherrill, Moore & Hill, Pensacola, for appellee.
JOANOS, Judge.
This is a case involving the applicability of the parol evidence rule to circumstances surrounding the execution of a written purchase order for electronic security devices. We affirm the final judgment of the trial court.
In January, 1980, a salesman for S of L Electronics, Inc., (S of L) called on Standard Hardware Company (Standard) in the course of business selling electronic security devices manufactured by Linear Corporation (Linear). After doing some preliminary investigation, Standard placed an order for twenty-two units, for a net price of $16,975.97. The written purchase order, which was signed on January 10, 1980, by *967 William Weston, president of Standard, contained the following provisions:
"4. OBLIGATION OF THE WHOLESALER: The obligation of the Wholesaler shall be to pay for the goods purchased during the term of the Agreement. THE COMPANY DOES NOT UNDERTAKE TO SELL THE GOODS FOR THE WHOLESALER EITHER DIRECTLY OR INDIRECTLY. THE WHOLESALER IS OBLIGATED TO PAY FOR THE GOODS WHEN PAYMENT IS DUE WHETHER OR NOT THE GOODS ARE THEN SOLD. GOODS PURCHASED UNDER THIS AGREEMENT ARE NOT PURCHASED ON CONSIGNMENT AND CANNOT BE RETURNED. ORDERS ARE NOT SUBJECT TO CANCELLATION."
* * * * * *
"7. AGREEMENT'S ENTIRE UNDERSTANDING: IT IS UNDERSTOOD AND AGREED BY AND BETWEEN THE PARTIES HERETO THAT THIS AGREEMENT INCLUDES THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. Neither the Company or its sales director, agents and employees have made any representation, of any nature, whatsoever, for the purpose of inducing the execution of this Agreement other than those set forth herein. In the event it is deemed necessary to alter or change this Agreement, said alteration or change must be made on this Agreement and said alteration or change must further be signed by the parties hereto in order to be binding upon the Company."
Standard sued S of L and Linear for breach of contract alleging, among other things, that S of L and Linear had agreed, prior to and subsequent to execution of the written order, to repurchase the units at full wholesale purchase price upon request by Standard. Standard further alleged that it had, on numerous occasions, requested S of L and Linear to honor the repurchase arrangement, but they had refused to do so.
Weston testified at the proceedings held before the trial court. Over the objection of S of L and Linear, he was permitted to testify that it was clearly understood by the parties before the contract was signed, and a contemporaneous verbal agreement existed, that appellees would repurchase the devices on request from Standard for the full price, or authorize Standard to send the devices to other distributors. Weston also testified that subsequent to the execution of the written agreement appellees had agreed to send a salesman to pick up the equipment and reimburse Standard. Specifically, Weston said that when he initially contacted S of L/Linear and explained that the product was not moving, apparently in April, 1980, he was assured that a sales representative would be there within the next two weeks. Later the time was extended to two months and then six months, but because of these assurances Standard delayed in pursuing other remedies.
Three letters were introduced to substantiate Weston's testimony. All of these letters were from Standard to S of L and Linear. The first letter, dated April 8, 1980, referenced an April 4 telephone call and stated that Standard would be pleased if they could receive the full credit "of which you made mention." The second letter, dated July 16, 1980, referenced a conversation in which "you stated that S of L would give us credit when one of your factory representatives made it to our area." The third letter was dated August 1, 1980, and stated that Standard had received no reply to its July 16 letter. There were also handwritten notes on that letter apparently referencing telephone conversations concerning when a sales representative would arrive to pick up the equipment. In addition, Weston testified that in telephone conversations of August 18, 1980, September 1, 1980 and September 8, 1980, he was assured that a sales representative would come pick up the materials. None of the letters were answered by S of L or Linear and no written acknowledgement of them appears in the record.
The trial court entered a final judgment finding that S of L/Linear owed Standard $16,975.97 "pursuant to its obligation to repurchase *968 on demand," a demand having been made by Standard on April 8, 1980. Appellants argue that Weston's testimony as to the contemporaneous agreement constituted parol evidence and should not have been admitted. Further, they argue that the evidence of an agreement to repurchase subsequent to the written agreement is without effect because the written agreement specified that any modification had to be in writing and signed by the parties, and that this is in accord with Section 672.209(2), Florida Statutes. Appellant contends the alleged subsequent agreement cannot be considered a waiver under Section 672.209(4), Florida Statutes, since Standard sought total recission of the contract. Appellee argues that Weston's testimony as to a contemporaneous agreement was admissible under an exception to the parol evidence rule for contemporaneous oral agreements which induce execution of the written agreement. Alternatively, appellee argues the written agreement was subsequently modified by mutual consent and that the parol evidence rule does not prohibit such evidence of a subsequent oral modification. Appellee asserts that abandonment of the written contract can be inferred from the parties' conduct, citing Barile Excavating & Pipeline Co. v. Vacuum Under-Drain, Inc., 362 So.2d 117 (Fla. 1st DCA 1978).
First, the testimony as to a contemporaneous oral agreement was not admissible. It did not fit under the exception for oral agreements which induce execution of the written agreement, because the alleged oral agreement related to the identical subject matter embodied in the written agreement and, in fact, directly contradicted an express provision of the written agreement. See E.J. Sparks Enterprises v. Christman, 95 Fla. 928, 117 So. 388 (1928) and Johnson v. Johnson, 403 So.2d 1388 (Fla. 2d DCA 1981). We conclude, however, that the admission of this parol evidence was harmless error because of additional testimony by Weston regarding a subsequent modification through the parties' conduct. This testimony was corroborated to some extent by the series of letters from Standard to S of L and Linear.
The written agreement provided that any modification had to be indicated in writing on the agreement and signed by the parties. Section 672.209(2) provides:

A signed agreement which excludes modification or recission except by a signed writing cannot be otherwise modified or rescinded, but except as between merchants such a requirement on a form supplied by the merchant must be separately signed by the other party. (e.s.)
However, Section 672.209(4) provides:
Although an attempt at modification or recission does not satisfy the requirements of subsection (2) or (3) it can operate as a waiver.
The parties to a contract may modify the written agreement by subsequent oral agreement or course of dealing with one another despite the requirement of a writing in order to modify. See Pan American Engineering Co. v. Poncho's Construction Co., 387 So.2d 1052 (Fla. 5th DCA 1980); Barile Excavating, supra; Fletcher v. Laguna Vista Corp., 275 So.2d 579 (Fla. 1st DCA 1973) cert. denied 281 So.2d 213 (Fla. 1973). See also Doral Country Club, Inc. v. Curcie Bros., 174 So.2d 749 (Fla. 3d DCA 1965) cert. denied 180 So.2d 656 (Fla. 1965); Vitra-Spray of Florida, Inc. v. Gumenick, 144 So.2d 533 (Fla. 3d DCA 1962). This concept is consistent with the waiver provision of Section 672.209(4).
In the present case, the evidence as to the parties' conduct supports finding both a waiver of the requirement that subsequent modifications be in a writing signed by both parties, and that a subsequent modification occurred.
AFFIRMED.
LARRY G. SMITH and SHAW, JJ., concur.