LEHAN, Judge.
This is a suit by the seller against two partnerships (the buyers) for damages for the buyers’ alleged breaches of two contracts for the sale of real estate by failing to close. The seller appeals from a summary judgment entered in favor of the buyers. We reverse.
As an affirmative defense the buyers alleged that they were under no obligation to close because the contracts provided that if the buyers failed to notify the seller within a certain time period in writing of the buyers’ approval of certain contingencies, i.e., that certain facts upon which the contracts were made contingent existed, the contracts would be null and void. The defense further alleged that there had been no such written approval. The seller in its reply to the affirmative defense admitted those allegations but sought to avoid the affirmative defense by alleging waiver and estoppel in that the buyers “notified ... [the seller] that the contingencies were removed, that the deal was made and that ... [the buyers] would proceed to closing as soon as possible.” The reply further alleged that the seller relied upon that notification. The seller filed an affidavit of a real estate broker which, among other things, stated that the broker was orally advised by the vice president of the buyers’ general partner that the contingencies were removed, i.e., that the facts upon which the contracts were contingent existed, and stated that the broker relayed that information to the seller. We do not address whether the broker was not acting as agent for the seller and was not otherwise in such a position that the buyers’ communications with him could not constitute a waiver, those aspects not having been raised below or in the briefs.
The buyers’ mere knowledge that the contingencies were removed, as sworn to in the broker’s affidavit, did not establish waiver or estoppel. The contracts referred not to knowledge by the buyers but to their written approval. Also, “[t]he role of the courts is not to make an otherwise valid contract more reasonable or less unreasonable from the standpoint of one contracting party.” AC Associates v. First National Bank of Florida, 453 So.2d 1121, 1129 (Fla. 2d DCA 1984). See also Heredia v. Allstate Insurance Co., 358 So.2d 1353, 1355 (Fla.1978); Devco Development Corp. v. Hooker Homes, Inc., 518 So.2d 922 (Fla. 2d DCA 1987); City of St. Petersburg v. Clark, 492 So.2d 685 (Fla. 2d DCA 1986).
Nonetheless, we conclude that the seller’s reply and the affidavit created issues regarding the alleged waiver which should have precluded summary judgment. That is, we cannot say from the record on appeal that it could not be proved within the parameters of the reply that the buyers *322 intentionally relinquished the right to avoid the contracts by saying they would proceed to closing without having provided written notification of their approval of the contingencies.
A reply to an affirmative defense may be thought of as “an affirmative defense to an affirmative defense,” Reno v. Adventist Health Systems/Sunbelt, Inc., 516 So.2d 63, 64-65 (Fla. 2d DCA 1987), and
[i]n order to be entitled to summary judgment it [is] incumbent upon the plaintiff to overcome [an] affirmative defense by presenting evidence sufficient to demonstrate conclusively that the issue ... raised by [the affirmative defense] was not present.... [I]f the evidence raises any doubt on an issue of material fact, or is such as will permit different reasonable inferences bearing on the existence of such an issue, summary judgment is not proper.
First Mortgage Investors v. Boulevard National Bank of Miami, 327 So.2d 830, 832 (Fla. 3d DCA 1976). Thus, it was incumbent upon the defendant buyer in this case to make such a conclusive demonstration with respect to the issues raised by plaintiffs reply. The buyers did not do so.
The buyers contend that even if there had been an oral notification as alleged in the reply, such notification could not be considered a valid waiver because the contracts, in addition to requiring the written notification, provided that any amendments to the contract be in writing. The seller contends in this regard that the oral notification also effected a waiver of the “in writing” requirement. Consistent with the seller’s contention is the proposition that under certain circumstances, “written contracts can be modified by subsequent oral agreement of the parties, even though the written contract purports to prohibit such modification.” Pan American Engineering Co. v. Poncho’s Construction Co., 387 So.2d 1052, 1053 (Fla. 5th DCA 1980). See also Vitra-Spray of Florida, Inc. v. Gumenick, 144 So.2d 533 (Fla. 3d DCA 1962). But we do not decide, nor apparently has it been fully addressed at this stage, whether such circumstances existed in this case.
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and BOARDMAN, EDWARD F. (Ret.), J., concur.