566 So.2d 1340 (1990)
G. David MILLER and Pool World, Inc., Appellants,
v.
Gregory G. BALCANOFF, Appellee.
No. 88-3156.
District Court of Appeal of Florida, First District.
September 5, 1990.
*1341 Matthew W. Burns, Destin, for appellant.
No appearance for appellee.
PER CURIAM.
Appellant, G. David Miller, was the maker of a promissory note payable to appellee in the principal amount of $135,000. The note provided that it was payable in monthly installments over a period of ten years. After a few months, appellant defaulted in making payments. Appellee sued and demanded judgment in the amount of the entire principal balance plus accrued interest. Although the note contained no acceleration provision, the trial court construed language contained in the note as authorizing acceleration and entered judgment in the amount demanded by appellee. Because we find that the trial court improperly construed the terms of the note, we reverse that portion of the final judgment which awarded damages for appellant's default on the note. We affirm that portion of the final judgment finding for appellee on appellant's counterclaim.
In October of 1985, the parties entered into a written contract whereby appellee agreed to sell his corporate stock in a swimming pool installation and maintenance business to appellant. Paragraph 5 of the contract contained the only provision relating to terms of payment for the stock and provided as follows:
5. TERMS OF STOCK PURCHASE PRICE. The total amount due as the stock purchase price shall be tendered in the form of a promissory note executed by G. DAVID MILLER to GREGORY G. BALCANOFF, with interest at the rate of Ten Percent (10%) on the principal amount thereof, and for a term of ten (10) years, with payments due on a monthly basis. Payment of those amounts due under the above-referenced promissory note shall be secured by the stock purchased hereunder. However, the parties hereto agree to reduce the amount of stock pledged as security in direct proportion to the reduction of the outstanding indebtedness.
In accordance with the foregoing provision, appellant executed the promissory note which is the subject of this appeal. The note provided, in its entirety:
NOTE
I, G. David Miller, promise to pay Greg Balcanoff the sum of $135,000 in monthly installments of $1,784.03 commencing November 15, 1985, and continuing on the same day of each month thereafter until paid.
This note shall not be in default if the payment is made within 10 days of the due date.
The term of this note is ten years. The rate of interest is 10% per year on the unpaid balance. There shall be no prepayment penalty.

*1342 The collateral for this note is stated in the Agreement for Sale of Stock, paragraph 5, signed October 4, 1985, by the parties to this note.
/s/ G. David Miller 10/14/85
G. David Miller Date
When appellant failed to make payments after the payment due on May 15, 1986, appellee filed suit on the note and demanded judgment in the amount of the entire principal balance plus accrued interest. The final judgment contained the following:
A. That since the note in question was prepared by the Defendant, G. DAVID MILLER, any ambiguities contained therein are resolved against the Defendant and that the terms specifically providing "this note shall not be in default if the payment is made within ten (10) days of the due date" are most reasonably interpreted to provide that the entire note is in default when the payments required are more than ten (10) days late.
.....
I. That judgment be and the same is hereby entered in favor of the Plaintiff, GREGORY G. BALCANOFF, and against the Defendant, G. DAVID MILLER, in the principle [sic] sum of $130,198.71 with interest from May 15, 1986 to date in the amount of $35.67 per day.
Appellant acknowledges his default but asserts that the terms of the note were clear and unambiguous and did not call for an acceleration of his obligation upon a delinquency in payment. We agree. The provisions of the note relied upon by the trial court can only be interpreted to be a grace provision, giving the maker a ten day grace period after each payment before the holder would be entitled to proceed against him for the unpaid installment. Additionally, it is well established that a maker's obligation under an installment note may not be accelerated in the absence of an acceleration provision. Bardill v. Holcomb, 215 So.2d 64 (Fla. 4th DCA 1968).
While writings executed between the parties as a part of the same transaction can be used to construe and supplement the terms of a promissory note, Section 673.119, Florida Statutes (1989), the contract for sale of the corporate stock provided no indication that the parties intended for the note to be subject to acceleration.
We observe that the final hearing was not transcribed and made a part of the record on appeal. While failure to provide a record of testimony presented before the trial court is often fatal to an appellant's claim, such is not the case here. Since terms of the relevant writings were clear and unambiguous, and since the pleadings alleged no basis for the trial court to have heard testimony as to terms contrary to those set forth in the relevant writings, the parol evidence rule would have precluded any such testimony. See Polk v. Crittenden, 537 So.2d 156 (Fla. 5th DCA 1989), and cases cited therein.
We recognize that neither the parol evidence rule, nor Article 3 of the Uniform Commercial Code, Chapter 673, Florida Statutes, would have precluded evidence of a subsequent oral modification as between the immediate parties to the note.[1] But, if there had been any such modification, it would have been referenced in the pleadings or in the trial court's detailed final judgment. In the absence of any such reference, we must reverse upon the trial court's failure to properly apply the controlling principle of law enunciated in Bardill v. Holcomb.[2]
The trial court found for appellee on a counterclaim filed by appellant. The record before us provides no basis for a finding of error in the trial court's ruling on the counterclaim.
*1343 Accordingly, we reverse that portion of the final judgment awarding damages for appellant's default on the promissory note, and we remand for recomputation and award of damages reflecting only past due payments and accrued interest as of the date of the original final judgment. In all other respects, the final judgment is affirmed.
AFFIRMED in part, and REVERSED and REMANDED in part.
ZEHMER, MINER and ALLEN, JJ., concur.
NOTES
[1] See Doral Country Club, Inc. v. Curcie Bros., Inc., 174 So.2d 749 (Fla. 3rd DCA 1965), cert. denied, 180 So.2d 656 (Fla. 1965), cited with approval in Fletcher v. Laguna Vista Corp., 275 So.2d 579 (Fla. 1st DCA 1973), cert. denied, 281 So.2d 213 (Fla. 1973), and in Barile Excavating & Pipeline Co., Inc. v. Vacuum Under-Drain, Inc., 362 So.2d 117 (Fla. 1st DCA 1978). Also see U.C.C. § 3-119, Official Comment 1, and American Underwriting Corp. v. Rhode Island Hospital Trust Co., 111 R.I. 415, 303 A.2d 121 (1973).
[2] See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979); and Green v. Putnam, 93 So.2d 378 (Fla. 1957).