ANTOON, J.
Suzanne Conry Reed sued Don and Bo-riboon Lincoln alleging that the Lincolns had defaulted on the terms of a promissory note by failing to pay monthly installments. In their defense, the Lincolns alleged that Ms. Reed’s right to sue for collection of the entire debt was barred by the statute of limitations. The Lincolns *105 argued that their failure to pay the installment which was due in August 1990 constituted a default which accelerated the entire debt due under the note, and that the default occurred more than five years pri- or to the filing of Ms. Reed’s complaint. The trial court agreed and entered summary final judgment in favor of the Lincolns. Ms. Reed appeals, contending the trial court erred in so ruling because the promissory note did not contain an acceleration clause. We agree and reverse.
On May 4, 1990, the Lincolns executed a promissory note in the principal amount of $28,000 payable in 223 consecutive monthly installments of $304.85, including interest. The note was prepared on a preprinted form, but included the following handwritten language in the bottom margin: “Payments after 60 days late, note is in default.” There was no language stating that, upon default, the unpaid installments would be accelerated and become immediately due. The Lincolns made only the first two payments due on the note.
On April 1, 1996, Ms. Reed sued to recover on the note. The Lincolns moved for summary judgment, arguing that the statute of limitations applied to bar the suit. The Lincolns argued to the trial court that under certain circumstances ac-celeratipn clauses are self-executing rendering future note payments automatically due upon default. See Baader v. Walker, 153 So.2d 51 (Fla. 2d DCA), cert. denied, 156 So.2d 858 (Fla.1963). They argued further that, in such cases, acceleration occurs without the necessity of action on the part of the payee. Contending that the term “default” as contained in the instant note was synonymous with the term “acceleration,” they argued default on the note by failure to make the monthly payment constituted automatic acceleration of the entire debt. No case law or statutory authority was cited to support this broad definition; yet, the trial court accepted the argument.[1] We disagree.
The terms “default” and “accelerated” are not synonymous or interchangeable. Default is defined as “a failure ... [a]n omission of that which ought to be done ... the omission or failure to perform a legal or contractual duty ... to observe a promise or discharge an obligation.” Black’s Law DICTIONARY 376 (6th ed.1990). For example, under the Uniform Commercial Code once a debtor is in default the secured party has the right to take possession of collateral; however, the creditor may not demand the entire sum due from a party in default. See § 679.503, Fla. Stat. (1997).
In contrast, “accelerate” means “to hasten the occurrence of.” Random House Dictionary of the English Language 10 (2d ed.1987). An “acceleration clause” is defined as:
A provision or clause in a mortgage, note, bond, deed of trust, or other credit agreement, that requires the maker, drawer or other obligor to pay part or all of the balance sooner than the date or dates specified for payment upon the occurrence of some event or circumstance described in the contract. Such clause operates when there has been a default such as nonpayment of principal, interest, or failure to pay insurance premiums.
Black’s Law Dictionary 12 (6th ed.1990). As noted above, no such clause was contained in the instant promissory note.
In Miller v. Balcanoff, 566 So.2d 1340 (Fla. 1st DCA 1990), the court was presented with a promissory note which was very similar to the one in the instant case. Id. The note in Miller provided: “[T]his note shall not be in default if the payment is made within ten (10) days of the due date.” Id. at 1342. The first district held that the note did not call for *106 acceleration of the entire obligation upon a delinquency in payment, stating that “it is well established that a maker’s obligation under an installment note may not be accelerated in the absence of an acceleration provision.” Id. (citing Bardill v. Holcomb, 215 So.2d 64 (Fla. 4th DCA 1968)). Likewise, the promissory note in the instant case does not contain any language indicating the parties’ intent to accelerate the amount due upon default. Instead, the drafter of the promissory note simply included a provision stating that failure to make the monthly payment within sixty days of the due date constituted a “default.” Accordingly, the Lincolns’ default in August 1990 did not result in the entire remaining debt becoming due immediately.
We reverse the trial court’s summary final judgment and remand this matter for further proceedings including a determination as to which monthly installments are barred by the statute of limitations.
REVERSED and REMANDED for further proceedings.
PETERSON, J., concurs.
W. SHARP, J., dissenting with opinion.

. The dissent also agrees, concluding that “default” in "ordinary parlance" means that a debt is "collectible in full.”