IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4200

BAGGETT BROTHERS FARM,
INC,

      Appellant,

v.

ALTHA FARMERS
COOPERATIVE, INC.,

      Appellee.

_____/

Opinion filed October 9, 2014.

An appeal from the Circuit Court for Calhoun County.
Allen L. Register, Judge.

Mark A. Bednar of Mark A. Bednar, P.A., Pensacola, for Appellant.

Andrea C. Lyons and John H. Adams of Emmanuel, Sheppard & Condon, Pensacola, for Appellee.


PER CURIAM.

      Appellant Baggett Brothers Farm, Inc. (Baggett) appeals a final order finding that Baggett was in violation of a Chapter 11 bankruptcy reorganization plan. Baggett raises several issues. We affirm on all issues but one. We find the circuit court erred in the measure of damages awarded.

Baggett filed for Chapter 11 bankruptcy in federal bankruptcy court. Baggett entered into a reorganization plan that stated Baggett owed $386,862.44 to one of its creditors, appellee Altha Farmers Cooperative, Inc. (Altha). The plan required Baggett to repay Altha in annual payments over 10 years. The bankruptcy court confirmed the plan and closed the case. Altha later brought an action in state circuit court alleging that Baggett breached the plan by making only the first annual payment in 2007, but failing to make annual payments thereafter. The circuit court ruled in favor of Altha and awarded Altha damages in the amount of the debt owed under the plan, $386,862.44, minus the single annual payment made by Baggett in 2007.

We find that the circuit court had subject matter jurisdiction because a Chapter 11 bankruptcy reorganization plan is a contract that may be enforced in state court. See In re Troutman Enters., Inc., 253 B.R. 8, 11 (6th Cir. B.A.P. 2000) ("The plan is essentially a new and binding contract between the Reorganized Debtor and the Petitioning Creditors. . . . If a reorganized debtor defaults under a plan, creditors have several options, including enforcing the plan terms in any court of competent jurisdiction."); Paul v. Monts, 906 F.2d 1468, 1476 (10th Cir. 1990) (finding a state law breach of contract action may be brought to enforce a Chapter 11 bankruptcy plan "[e]xcept where state law would directly conflict with the federal bankruptcy provisions").

However, we find the circuit court erred in awarding Altha the full amount of debt owed under the plan, minus the single annual payment. The plan did not contain an acceleration provision that permitted accelerating the full amount of debt in the event of nonpayment. See Miller v. Balcanoff, 566 So. 2d 1340, 1342 (Fla. 1st DCA 1990) ("[I]t is well established that a maker's obligation under an installment note may not be accelerated in the absence of an acceleration provision."). Thus, we reverse and remand for the circuit court to enter a final judgment awarding damages only as to the amount of payments actually missed.

AFFIRMED IN PART, REVERSED IN PART, REMANDED.

WOLF, ROBERTS, and OSTERHAUS, JJ., CONCUR.