In re T.S. NOTE COMPANY
TFC International, Twenco
Financial, Debtors.

Bankruptcy Nos. 88–40714–
11 to 88–40716–11.

United States Bankruptcy Court,
D. Kansas.

April 8, 1992.

Paul M. Hoffman, Smith, Gill, Fisher & Butts, Kansas City, Mo., for creditors.

Don E. Bucher, Moore, Bucher & Morrison, Kansas City, Mo., for debtors.

John Foulston, Wichita, Kan., U.S. Trustee.

MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

These cases are before the Court on a motion to convert them to ones under chapter 7. The motion was filed by three creditors, Jack Webb, Paul Gitterman and Jerry Lapid, through counsel Paul Hoffman of Smith, Gill, Fisher & Butts. The debtors, through counsel Don E. Bucher of Moore, Bucher & Morrison, oppose conversion but

suggest that dismissal might be appropriate.

## FINDINGS OF FACT

These cases were initiated by voluntary filings on May 27, 1988. The cases culminated in the confirmation of plans of reorganization on July 6, 1989. As relevant here, the plans provided for the payment of unsecured claims on a quarterly basis over seven years at 9% interest. The debtors transferred property as required by the plans and began making payments to the unsecured creditors in accordance with the plans. The debtors are now in default of their proposed plan payments and were at the date the creditors' motion was filed. The debtors are not likely to be able to complete their plans as confirmed.

## DISCUSSION AND CONCLUSIONS OF LAW

After the motion was filed, the parties agreed to submit stipulations and briefs in lieu of a live appearance before the Court. The creditors sought conversion, but the debtors sought dismissal instead. Neither side addressed the effect of conversion or dismissal on a confirmed and substantially consummated chapter 11 plan. Since at least one of the attorneys was aware of a prior ruling of the Court on this issue, the Court requested supplemental memoranda addressing the issue. Both sides have submitted additional verbiage and the Court is prepared to rule.

The creditors seek conversion pursuant to 11 U.S.C.A. § 1112(b)(7), the inability of the debtors to effectuate substantial consummation of their confirmed plans, and (8), the debtors' material default with respect to their confirmed plans.

■ Substantial consummation is a defined term. 11 U.S.C.A. § 1101. In this case, the stipulations and attachments to the motion and memoranda of the creditors and the two year time lag between confirmation and the creditors' motion allow the court to determine that substantial consummation has occurred in these cases, see *In re Burlingame*, 123 B.R. 409, 411–12 (Bankr.N.D.Okla.1991) (substantial con-

summation found so no modification of plan allowed under § 1127); *In re Fansal Shoe Corp.*, 119 B.R. 28, 30–31 (Bankr. S.D.N.Y.1990) (substantial consummation found so no modification of plan allowed under § 1127); *In re Bedford Springs Hotel, Inc.*, 99 B.R. 302, 303–05 (Bankr. W.D.Pa.1989) (in essence, granting declaratory judgment that substantial consummation had occurred); thus, conversion pursuant to § 1112(b)(7) would be inappropriate.

■ However, the debtors have materially defaulted with respect to their confirmed plans, and thus, conversion pursuant to § 1112(b)(8) is appropriate. Dismissal as requested by the debtors may well be inappropriate as it would cause the estate to lose the ability to utilize a trustee's avoiding powers in possible proceedings brought under §§ 544, 545, 547 or 553 of the Code. See 11 U.S.C.A. §§ 348(a) and 546(a).

■ Though conversion is appropriate, an explanation of what is being converted seems advisable because the pleadings indicate that the creditors may expect the confirmed debtors' assets to be available to the chapter 7 trustee and the debtors assume that the receivables and other assets of the debtors will be controlled by the trustee upon conversion. In the case of *In re Helms*, Case No. 86–41222–7, Adv. No. 90–7084, Order Dismissing Various Claims (February 5, 1991), this Court ruled that conversion after substantial consummation of a confirmed chapter 11 plan converts only the preconfirmation debtor-in-possession and the case that was before the court, not the post-confirmation debtor which by legal fiction is a separate entity, much as was the pre-filing entity. Thus, what is being converted here are the cases and the assets, if any, whether tangible or intangible, remaining in the debtors' pre-confirmation estates. See *In re H.R.P. Auto Center, Inc.*, 130 B.R. 247, 256–57 (Bankr. N.D.Ohio 1991) (reaching similar conclusion). In these cases, it would seem only non-administered assets such as possible causes of action may remain. If the post-confirmation entities and their assets are to be administered under chapter 7, new vol-

untary or involuntary filings must be made.

The following discussion may shed more light on the Court's reasoning in this matter. When the debtor files a bankruptcy petition, § 301, an estate is created, § 541. When the plan is confirmed under § 1129, that property (to the extent not otherwise provided) revests in the debtor. All creditors and the debtor, among others, are bound by the terms of the plan. A nonliquidating debtor receives a discharge. § 1141. After 180 days from the entry of the order of confirmation, neither the plan nor the discharge may be revoked. § 1144. Should the plan and discharge be revoked, entities, as defined by § 101(15), acquiring rights in good faith reliance on the confirmation order are to be protected. § 1144.

While the Court kept jurisdiction to determine matters affecting the estate such as claim adjudication, questions concerning the plan and its language, pending litigation, administrative matters, and so forth, it did not retain jurisdiction ad infinitum of the post-discharge, former chapter 11 debtors any more than it would keep jurisdiction over any other post-discharge debtor under chapters 7, 12 or 13. See *In re Jartran*, 886 F.2d 859, 866–70 (7th Cir. 1989) (so long as acting in good faith, post–chapter–11–confirmation debtor could file subsequent chapter 11); *In re Northampton Corp.*, 37 B.R. 110 (Bankr.E.D.Pa.1984) and 39 B.R. 955 (Bankr.E.D.Pa.1984), aff'd 59 B.R. 963 (E.D.Pa.1984) (in later chapter 11, post-confirmation debtor may not cure defaults under substantially consummated chapter 11 plan since that would be modification of plan not permitted by § 1127). It is not uncommon for a plan to continue for 20 years or more; obviously, the Court should not retain jurisdiction of cases for that long. In addition, if conversion of the post-confirmation debtor and its assets were possible, there would be a gap in the trustee's strong-arm powers since, as provided by § 348, conversion does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief. Thus, during the period the entities were operating post-confirmation, all transfers which the trustee might otherwise avoid would be insulated therefrom since they would have occurred post-petition and not pre-petition. Section 549 would not apply because the post-confirmation debtor is vested with the estate's property and no longer needs court or statutory authority to conduct its business.

For these reasons, these cases will be converted to chapter 7, but on the described basis rather than the terms apparently contemplated by the parties.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.