ELECTRONIC CITATION:  2000 FED App. 0007P (6th Cir.)
File Name:  00b0007p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

In re:  TROUTMAN ENTERPRISES, INC.,   )
   )
       Debtor.   )
_____ )
   )
NATIONAL CITY BANK,   )
   )
       Appellant,   )
   )
   )
     v.   )   No. 00-8013
   )
TROUTMAN ENTERPRISES, INC.,   )
   )
       Appellee.   )
   )
_____ )

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division at Dayton.
No. 99-35371.

Argued: July 19, 2000

Decided and Filed:  September 26, 2000

Before: MORGENSTERN-CLARREN, RHODES, and STOSBERG,
Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:**  Arthur R. Hollencamp, HOLLENCAMP & HOLLENCAMP, Dayton, Ohio, for Appellant.  Donald J. Rafferty, COHEN, TODD, KITE & STANFORD, Cincinnati, Ohio, for Appellee.  **ON BRIEF:**  Arthur R. Hollencamp, HOLLENCAMP & HOLLENCAMP, Dayton, Ohio, for Appellant.  Donald J. Rafferty, COHEN, TODD, KITE & STANFORD, Cincinnati, Ohio, for Appellee.

_____

## OPINION

_____

PAT E. MORGENSTERN-CLARREN, Bankruptcy Appellate Panel Judge.

This appeal addresses an obscure area of the Bankruptcy Code: the rights of creditors when a reorganized Chapter 11 debtor defaults under a confirmed plan and the case is converted to Chapter 7. Here, after just such a default, the bankruptcy court granted a creditor's motion to convert to Chapter 7. While that case was pending, other creditors filed an involuntary Chapter 7 petition against the reorganized Chapter 11 debtor based on the failure to pay their plan claims. The court dismissed the petition on the ground that Bankruptcy Code § 348 limits those creditors to asserting their plan claims in the converted case and precludes them from asserting claims against the reorganized debtor. A petitioning creditor appeals. Because we hold that the creditors are entitled to assert the plan claims against the reorganized debtor, the dismissal of the involuntary petition is **VACATED** and the case is **REMANDED** for further proceedings.

## I. ISSUES ON APPEAL

The two issues raised are: (1) whether appellant National City Bank, one of the petitioning creditors, has standing to appeal without the other petitioning creditors; and (2) whether the bankruptcy court properly determined as a matter of law that the petitioning creditors are not eligible to commence an involuntary proceeding against the reorganized debtor.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the BAP and the order dismissing the involuntary petition is a final order that may be appealed by right under 28 U.S.C. § 158(a)(1). *Booher Enters. v. Eastown Auto Co. (In re Eastown Auto Co.)*, 215 B.R. 960 (B.A.P. 6th Cir. 1998). The bankruptcy court's

interpretation of the Bankruptcy Code is reviewed de novo. *In re Koenig Sporting Goods, Inc.*, 203 F.3d 986 (6th Cir. 2000).

## III. FACTS

Troutman Enterprises, Inc. filed a Chapter 11 case on April 23, 1992. In 1993, the bankruptcy court entered an order confirming the debtor's amended plan of reorganization. When the reorganized debtor ("Reorganized Debtor") defaulted on its obligations under the plan, a creditor moved to convert the Chapter 11 case to Chapter 7. The bankruptcy court granted the unopposed motion in 1996 and that case is still pending (the "Converted Case").[1]

In 1999, four other creditors (the "Petitioning Creditors") filed an involuntary Chapter 7 case against the Reorganized Debtor. They based this filing on the Reorganized Debtor's failure to pay their claims under the terms of the confirmed plan (the "Plan Claims"). The Reorganized Debtor moved to dismiss the petition on the ground, among others, that the Petitioning Creditors did not hold claims against it after the conversion. The bankruptcy court granted the motion, holding that the creditors are limited to asserting the Plan Claims in the Converted Case by operation of Bankruptcy Code § 348(d). *In re Troutman Enters., Inc.*, 244 B.R. 106 (Bankr. S.D. Ohio 2000). National City Bank, one of the Petitioning Creditors, filed this appeal.

## IV. DISCUSSION

### A. Standing

The Reorganized Debtor contends that National City Bank does not have standing to prosecute this appeal because the other Petitioning Creditors are not participating. A party has standing to appeal an order which diminishes its property, increases its burdens, or impairs its rights. *See Marlow v. Rollins Cotton Co. (In re Julien Co.)*, 146 F.3d 420 (6th Cir. 1998). As the bankruptcy court's decision denies the Bank the right to request

---

[1]In a related appeal arising in the Converted Case, *Harker v. Troutman (In re Troutman),* _____ B.R. _____ (B.A.P. 6th Cir. 2000), the Panel addresses the issue of what property belongs to the converted estate.

involuntary bankruptcy relief, it has standing to appeal that decision. *See, for example, In re Eastown Auto Co.* (affirming the dismissal of an involuntary petition in an appeal filed by one of three petitioning creditors).

### B. The Dismissal of the Involuntary Petition

### 1. The Plan Claims

The Petitioning Creditors filed the involuntary petition based on their Plan Claims. As the bankruptcy court noted:

> "[T]he confirmation of a plan discharges the debtor from any debt that arose before the date of such confirmation[.]" 11 U.S.C. § 1141(d)(1)(A). Confirmation also "vests all of the property of the estate in the debtor," and "except as otherwise provided in the plan or in the order confirming the plan . . . , the property dealt with by the plan is free and clear of all claims and interests of creditors[.]" 11 U.S.C. § 1141(b) & (c). Section 1141(a) further provides, "the provisions of a confirmed plan bind the debtor . . . and any creditor . . . whether or not the claim or interest of such creditor . . . is impaired under the plan, and whether or not such creditor . . . has accepted the plan." 11 U.S.C. § 1141(a).

*In re Troutman Enters., Inc.*, 244 B.R. at 109 (alteration in original).

Confirmation, then, had the dual effect of discharging the Petitioning Creditors' preconfirmation debt and replacing it with their Plan Claims. *See In re Benjamin Coal Co.*, 978 F.2d 823, 827 (3d Cir. 1992) ("[O]nce the reorganization plan is approved by the bankruptcy court, each claimant gets a 'new' claim based upon whatever treatment is accorded to it in the plan itself."). The plan is essentially a new and binding contract between the Reorganized Debtor and the Petitioning Creditors. *In re Xofox Indus. Ltd.*, 241 B.R. 541 (Bankr. E.D. Mich. 1999). *See also Guardian Savings and Loan Assoc. v. Arbors of Houston Assocs. Ltd. Partnership (In re Arbors of Houston Assocs. Ltd. Partnership),* 172 F.3d 47, *3 (6th Cir. 1999) (unpublished table decision) ("A plan of reorganization, which resembles a consent decree, is akin to a contract between a debtor and its creditors that is approved by the bankruptcy court."). Confirmation of the plan is a final judgment that is entitled to res judicata effect. *Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.)*, 930 F.2d 458 (6th Cir. 1991).

If a reorganized debtor defaults under a plan, creditors have several options, including enforcing the plan terms in any court of competent jurisdiction. *In re Xofox, Indus. Ltd.*, 241 B.R. at 543. A creditor may also look to the Bankruptcy Code, with the nature of the available relief depending on the facts of the case. Potential remedies include the dismissal or conversion of the confirmed case in the event of (1) inability to effect substantial consummation of a plan; (2) material default with respect to a plan; or (3) the termination of a plan pursuant to a condition provided for in it. 11 U.S.C. §§ 1112(b)(7),(8), and (9). The bankruptcy court may also order the debtor to take actions necessary to transfer property and perform other acts to carry out the plan. 11 U.S.C. § 1142(b). A more drastic measure is set out in § 1144, which provides that a confirmation order that was procured by fraud may be revoked within 180 days after it is entered. 11 U.S.C. § 1144.

## 2. 11 U.S.C. § 303: An Involuntary Petition

As an additional option, plan creditors may, under certain circumstances, file an involuntary bankruptcy proceeding against a reorganized debtor under Bankruptcy Code § 303. Such an involuntary case may be commenced:

> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute . . . if such claims aggregate at least $10,775 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims; [or]
>
> (2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $10,775 of such claims[.]

11 U.S.C. §§ 303(b)(1) and (2). When this relief is sought, the preliminary question is whether a petitioning creditor holds a claim against the alleged debtor that is "not contingent as to liability or the subject of a bona fide dispute." 11 U.S.C. § 303(b)(1). If there is a legitimate legal or factual basis for the alleged debtor not to pay the claim, then

the creditor is not eligible to file an involuntary petition. *See In re Eastown Auto Co.*, 215 B.R. at 965 (B.A.P. 6th Cir. 1998).

The unusual and complicating factor in the present case is the Chapter 7 conversion. The bankruptcy court, applying Bankruptcy Code § 348(d), held as a matter of law that post-conversion, the Petitioning Creditors are creditors solely in the Converted Case and no longer hold claims against the Reorganized Debtor. The court held that absent such claims, the Petitioning Creditors were not eligible to file the involuntary petition and so the court dismissed it. The Appellant challenges the bankruptcy court's analysis of this section and its application to this case.

### 3. 11 U.S.C. § 348

Section 348 provides guidance in a case that has been converted from one chapter of the Bankruptcy Code to another. Under § 348(a), conversion constitutes an order for relief but does not change the date of the order for relief, with exceptions not relevant here. 11 U.S.C. § 348(a). In this case, therefore, the date of the order for relief remains April 23, 1992, the date on which the Chapter 11 case was filed. Section 348(d) states that as an effect of conversion:

> (d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1208, or 1307 of this title, other than a claim specified in section 503(b) of this title [for an administrative expense], shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

11 U.S.C. § 348(d).

Based on the undisputed facts, the bankruptcy court determined that the Plan Claims arose after the order for relief in the Chapter 11 and before the case was converted to Chapter 7. In essence, the bankruptcy court then found that the decision to convert the case to Chapter 7 was the critical event; once the case was converted, § 348(d) gave the Petitioning Creditors prepetition claims in the Converted Case, which took away their claims against the Reorganized Debtor. The court held that:

> By relegating all postpetition, preconversion claims, including those arising from the confirmation of a Chapter 11 plan, to the status of prepetition claims upon conversion to Chapter 7, § 348(d) leaves the Petitioning Creditors without claims against the Reorganized Debtor and, accordingly, unable to satisfy the requirements of bringing an involuntary petition pursuant to § 303(b).

*In re Troutman Enters., Inc.*, 244 B.R. at 112. The Panel concludes, however, that § 348(d) does not compel this result and that the better reading is that § 348(d) determines the nature of the Petitioning Creditors' claims in the Converted Case, but does not eliminate their claims against the Reorganized Debtor.

We reach this conclusion by considering § 348(d) together with the law surrounding conversion of confirmed cases. As discussed above, conversion does not disturb confirmation or revoke the discharge of preconfirmation debt. *See In re Chattanooga Wholesale Antiques, Inc.,* 930 F.2d 458*; Bank of Louisiana v. Pavlovich (In re Pavlovich)*, 952 F.2d 114 (5th Cir. 1992). Property which revested in a reorganized debtor at confirmation remains property of that entity; conversion does not bring that property into the converted case. *Harker v. Troutman (In re Troutman),* ____ B.R. ____ (B.A.P. 6th Cir. 2000). *See also In re T.S. Note Co.,* 140 B.R. 812, 813-814 (Bankr. D. Kan. 1992) ("[W]hat is being converted . . . are the cases and the assets, if any, whether tangible or intangible, remaining in the debtors' pre-confirmation estates . . . If the post-confirmation entities and their assets are to be administered under chapter 7, new voluntary or involuntary filings must be made."). In this case, therefore, the Reorganized Debtor continued its separate existence as a legal entity, with whatever assets it owned, even after conversion. As the conversion did not negate the contract between the Reorganized Debtor and the Petitioning Creditors for payment of the Plan Claims, the Reorganized Debtor remains liable for those claims. The Petitioning Creditors, consequently, hold claims against the Reorganized Debtor and are eligible to file an involuntary petition against it if they meet the other requirements of § 303.

Section 348(d) does not require a different result. That section "governs the relative priorities of pre-petition and post-petition- pre-conversion claims. Its principal function is to distinguish between Chapter 11 administrative priority claims and non-priority claims, for

the former receive a higher distributional priority in the converted Chapter 7 case." *In re Pavlovich,* 952 F.2d at 118-119 (internal citation omitted). Consistent with this function, the impact of § 348(d) is appropriately limited to the Converted Case, so that the Plan Claims are treated as prepetition claims for all purposes in that case. The section does not, however, extend beyond the Converted Case to extinguish the Reorganized Debtor's contractual liability for the Plan Claims. Were it otherwise, the Petitioning Creditors would be limited to recovering from the assets of the Converted Case, while the defaulting Reorganized Debtor retained its property free of those claims. The language and legislative history of § 348 do not suggest that Congress intended such a result. Instead, reading § 348(d) in the manner adopted by the Panel gives effect both to the language of § 348 and also to the rights and obligations that flow from confirmation under § 1141.

The Reorganized Debtor's reliance on other case law for a broader reading of § 348(d) is not persuasive. For example, in *United States v. Johnson (In re Johnson)*, 901 F.2d 513 (6th Cir. 1990), which arose in the more common context of an unconfirmed Chapter 11 case that was converted to a Chapter 7, the Sixth Circuit considered whether the bar date set in the Chapter 7 applied to an administrative expense claim incurred in the Chapter 11. The case did not address the interplay between the rights of creditors in a confirmed Chapter 11 that is converted to a Chapter 7 and the rights of a reorganized Chapter 11 debtor.

In sum, because conversion did not undo the plan confirmation and § 348(d) does not apply to the Plan Claims outside of the Converted Case, the Petitioning Creditors continue to hold claims against the Reorganized Debtor and they are not precluded as a matter of law from requesting involuntary relief under § 303 against that entity.

## V. CONCLUSION

The bankruptcy court's order dismissing the involuntary petition is **VACATED** and the case is **REMANDED** for further proceedings on the involuntary petition.