In re JOSEPH EDWARD COMPANY, INC., Debtor.

No. 01–21742.

United States Bankruptcy Court, E.D. Kentucky, Covington Division.

Sept. 15, 2006.

McDonald, Hopkins, Burke & Haber Co., LPA, Shawn M. Riley, Cleveland, OH, Alan J. Statman, Cincinnati, OH, for Debtor.

### *MEMORANDUM OPINION*

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter has come before the court on the Motion to Set Aside Injunction filed

by creditor Lyle Industries, Inc. ("Lyle"). The injunction Lyle references is contained in the Release of Guaranty Claims [1] in the Order Confirming First Amended Plan of Reorganization by Official Committee of Unsecured Creditors ("the Confirmation Order"), entered in this case on September 17, 2002 (Doc. # 186). Dale Zdolshek ("Zdolshek"), former principal of the Debtor, filed an Objection of Aggrieved Person to Motion to Set Aside Injunction, and Lyle filed a Reply. The matter was heard on June 13, 2006, and taken under submission for decision.

### 1. *Factual and procedural history*

The Debtor originally filed this case as a liquidating Chapter 11 on August 1, 2001. The Official Committee of Unsecured Creditors ("the Committee") opposed the sale of the Debtor, and negotiated a plan of reorganization that incorporated sale of the Debtor's assets. Upon confirmation of the Plan, the previously appointed Chapter 11 Trustee became the Designated Representative. The Committee filed a Plan (Doc. # 181) which designated Lyle and others as Class 2 creditors. Lyle's claim was set out in the amount of $114,372.00, and was alleged to be guaranteed by Zdolshek. Article V—Means for Implementation of the Plan, provides:

> *Zdolshek Security, Contribution and Release*
>
> Dale Zdolshek and Sally Zdolshek shall arrange for the promissory note from Orange Plastics to Heritage Bank for $100,000 to be assigned by Heritage Bank to the Designated Representative. In the event, and only in the event, that all holders of Class 2 Claims vote in favor of the Plan, then the proceeds of the $400,000 Loan shall be paid to the

Designated Representative for distribution on allowed Class 2 Claims pursuant to the Plan. Otherwise, the proceeds of the $100,000 Loan shall be paid to the Designated Representative to fund the Plan and the holders of Class 2 Claims shall retain their respective alleged guaranty claims against Dale Zdolshek and/or Sally Zdolshek.

*Id.* at paragraph J.

In regard to this provision, the Confirmation Order required Orange Plastics of Kentucky, LLC ("Orange Plastics") to promptly deliver the sum of $400,000 to the Designated Representative. Orange Plastics agreed to loan Zdolshek $400,000 so that this amount could be paid into the Plan, and Zdolshek's promissory note of October 3, 2001 in that regard is of record in this case (Exh. A to Doc. # 190). The Confirmation Order sets out in its Conclusions of Law at paragraph H, Release of Guaranty Claims, that Zdolshek is "released, discharged and acquitted of any liability or obligation under any guaranty of the Debtor" for debts owed to members of Class 2, including Lyle. That provision further enjoins the Class 2 members "from taking any act (sic) to enforce collection of any Class 2 Member Obligations except pursuant to the Plan." *Id.* Orange Plastics did not pay the $400,000 referenced in paragraph J [2], *supra,* and upon a Motion to Convert filed by the Designated Representative, the case was converted to a Chapter 7 on January 16, 2004. Lyle received *nothing* on its Class 2 Claim in the Chapter 7 distribution.

### 2. *Discussion*

Lyle contends that Zdolshek was required to pay $400,000 in cash in order to be released from liability on the guaranty

---

1. Confirmation Order, Conclusion of Law (H).

2. Orange Plastics filed its own bankruptcy case in California, Case No. LA–03–35790VZ.

claims, and that the fact that this sum was never paid constitutes a failure of consideration. Lyle further contends that this failure of consideration justifies the removal of the injunction against proceeding with any claim against Zdolshek. It cites *Waddle v. Galen of Kentucky, Inc.*, 131 S.W.3d 361, 364–65 (Ky.App.2004) for the proposition that a release is a contract which must be supported by valuable consideration. Lyle goes on to argue that the Plan placed a condition precedent upon the release, i.e., the payment of the $400,000. Since that sum was never paid, it reasons, the release was never given, and the "judgment" (Confirmation Order) is void pursuant to Federal Rule of Civil Procedure 60(b)(4), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9024, for failure of a condition precedent. Lyle also attacks the Confirmation Order on the basis of Rules 60(b)(5) and 60(b)(6), but has presented arguments only in regard to Rules 60(b)(4) and (5). The court will therefore not address Rule 60(b)(6). Rule 60(b) provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: .... (4) the judgment is void; (5) ..., or it is no longer equitable that the judgment should have prospective application; ....

Fed.R.Civ.P. 60(b)(4)(5).

In response, Zdolshek contends, first of all, that it is factually inaccurate for Lyle to claim that he was required to pay $400,000 pursuant to the terms of the Plan. Zdolshek points out that the Plan required Orange Plastics to pay that sum to the Designated Representative, and that its failure to pay cannot be interpreted to be Zdolshek's personal responsibility. This argument ignores the fact that the $400,000 was a loan from Orange Plastics

to Zdolshek, as set out above. Zdolshek further argues that Lyle's relief is restricted to liquidation of the property of the converted Debtor's estate under Chapter 7. In support of that contention he cites *In re Troutman Enterps., Inc.*, 253 B.R. 8 (6th Cir. BAP 2000), which held that conversion pursuant to Bankruptcy Code section 348 "does not disturb confirmation or revoke the discharge of pre-confirmation debts." *Id.* at 13. The *Troutman* Panel further held that conversion does not negate a contract between a reorganized debtor and its creditors; the reorganized debtor remains liable for those claims. *Id.* Here, however, Lyle brings no action against the Debtor, either in its reorganized or converted manifestation, but against a third party, Zdolshek, upon his personal guaranty.

█ Zdolshek has also raised the issue of the res judicata effect of the Confirmation Order citing this court's holding that "[t]he law in the Sixth Circuit is that confirmation of a plan of reorganization by the bankruptcy court has the effect of a judgment by the district court and res judicata principles bar re-litigation of any issues raised or that could have been raised in the confirmation proceedings." *Century Indemn. Co. v. Special Metals Corp. (In re Special Metals Corp.)*, 317 B.R. 326, 330 (Bankr.E.D.Ky.2004) (internal quotations and citations omitted). The doctrine of res judicata does not, however, apply to direct attacks on judgments. "[S]uch direct attacks come under the rubric of Fed. R.Civ.P. 60(b)." *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1174 (10th Cir.2000). The court must therefore decide whether Lyle may obtain relief from the Confirmation Order pursuant to various provisions of Rule 60(b).

█ Lyle first contends that it should have relief from the Confirmation Order pursuant to Rule 60(b)(4) because it is

"void for failure of a condition precedent." Lyle misapprehends the meaning of Rule 60(b)(4). While a contract may be void for failure of a condition precedent, an order or judgment

> is void for purposes of Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law. Similarly, a judgment may be void for purposes of Rule 60(b)(4) if the court, although having jurisdiction over the parties and subject matter, entered a decree not within the powers granted to it by law.

*U.S. vs. Indoor Cultivation Equip.*, 55 F.3d 1311 (7th Cir.1995)(internal quotations and citations omitted). *See also In re Crivello*, 134 F.3d 831 (7th Cir.1998). Lyle cannot demonstrate that any of the criteria set out above are met here, and consequently there is no basis for relief from the Confirmation Order pursuant to Rule 60(b)(4).

 Lyle next contends that it may have relief pursuant to Rule 60(b)(5) on the basis that Zdolshek will be unjustly enriched if the injunction is not set aside and Lyle allowed to prosecute its claim against him. Lyle states that Zdolshek never paid the $400,000, receiving a release from liability not only in exchange for doing nothing but in exchange for failing to do what he promised to do. Lyle contends therefore that it will be inequitable for the injunction contained in the Confirmation Order to have "prospective application." In *Kalamazoo River Study Group v. Rockwell Intern. Corp.*, 355 F.3d 574 (6th Cir.2004), the court stated:

> The application of Rule 60(b)(5) here turns on the meaning of 'prospective.' The mere possibility that a judgment has some future effect does not mean that it is 'prospective' because virtually every court order causes some reverberations into the future, and has ... some prospective effect. The essential inquiry into the prospective nature of a judgment revolves around whether it is executory or involves the supervision of changing conduct or conditions. Injunctions (permanent or temporary), some declaratory judgments, and particularly consent decrees are prospective judgments susceptible to a Rule 60(b)(5) challenge. Money judgments, however, do not generally have prospective application because they are final in the sense of involving a set monetary outlay.

> Most cases consider Rule 60(b)(5)'s 'prospective application' clause in the context of consent decrees, which are prospective by nature.

*Id.* at 587–88 (internal quotations and citations omitted).

The *Kalamazoo River* decision indicates that Lyle may have relief from the injunction under consideration here. Once the Plan was confirmed, the court could be called upon to deal with changing conduct or conditions in regard to the terms of the injunction. For instance, if the $400,000 had been paid into the Plan and one of the Class 2 Members had nonetheless attempted to assert and collect upon its guaranty, Zdolshek could have come before the court to enforce the injunction. Under the reasoning set out in the *Kalamazoo River* case, therefore, Lyle's argument that it would be inequitable for the injunction to continue to have prospective application succeeds.

The court will therefore enter a separate order lifting the injunction in regard to Lyle and allowing it to enforce its guaranty against Zdolshek.